J-S63012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JESUS MANUEL CRUZ, | |
| Appellant | No. 289 MDA 2014 |

Appeal from the PCRA Order January 9, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000559-2007

BEFORE: BOWES, PANELLA, and PLATT,[*] JJ.

MEMORANDUM BY BOWES, J.: **FILED OCTOBER 15, 2014**

Jesus Manuel Cruz appeals *pro se* from the court's January 9, 2014 order dismissing his second PCRA petition as untimely. We affirm.

The facts underlying Appellant's convictions for possession of heroin, possession with intent to distribute ("PWID") heroin, and delivery of that controlled substance, were summarized by this Court on direct appeal.

> On April 25, 2006, Criminal Investigator John Lackner ("Lackner") of the Reading Police Department asked Officer George Taveras ("Officer Taveras") to make an undercover purchase of heroin from [A]ppellant. Officer Taveras was shown a photograph of [A]ppellant, who was suspected of selling drugs at the intersection of Fourth and Chestnut Streets in Reading, Pennsylvania. Officer Taveras and an informant proceeded to this location around 2:47 p.m.

---

[*] Retired Senior Judge assigned to the Superior Court.

Upon arrival, the informant entered a sandwich shop, where [A]ppellant allegedly worked, and Officer Taveras waited in the vehicle. The officer could see the informant speaking to [A]ppellant through the shop windows. A short while later, [A]ppellant exited the sandwich shop and walked down the street. Appellant returned and motioned to Officer Taveras to enter the shop. The officer followed [A]ppellant; and once inside, they had a conversation about purchasing heroin.

The men returned to the officer's vehicle. Officer Taveras confirmed the price, and [A]ppellant handed him a bundle of $10 packets of heroin in exchange for $70 which had been pre-recorded by the officers. Appellant exited the vehicle, and Officer Taveras and the informant returned to the police station where the drugs were tested; the packets were later confirmed to contain heroin. The pre-recorded currency was not recovered.

*Commonwealth v. Cruz*, 953 A.2d 596 (Pa.Super. 2008) (unpublished memorandum) (citations to record omitted).

A jury convicted Appellant and, on July 19, 2007, he was sentenced to five to fifteen years incarceration. This Court affirmed his convictions on direct appeal. *Id*. Appellant timely filed a *pro se* PCRA petition on April 30, 2008, and counsel was appointed. Counsel filed a *Turner/Finley*[1] no-merit letter and sought leave to withdraw. That request was granted, and following issuance of Rule 907 notice of intent to dismiss, the petition was dismissed without a hearing. This Court affirmed on February 18, 2010. *Commonwealth v. Cruz*, 996 A.2d 4 (Pa.Super. 2010) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which was denied on June 20, 2011.

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc)*.

Appellant filed this, his second PCRA petition, on February 21, 2012, and counsel was appointed. Counsel filed a **Turner/Finley** no-merit letter and a motion to withdraw, which was granted. On November 19, 2013, the PCRA court issued notice of its intent to dismiss the petition without a hearing due to its untimeliness. In response, Appellant filed a petition to proceed *pro se* on December 10, 2013. The PCRA court dismissed the petition by order dated January 9, 2014.

Appellant timely filed the within appeal and complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[2] He presents five questions for our review. Appellant challenges the PCRA court's dismissal of his first PCRA petition, maintaining that he should have been permitted to amend it. He alleges further that his appointed counsel were ineffective for failing to aid him in the completion of both his first and second petitions, and that the PCRA court erred in failing to hold an evidentiary hearing.

Before we can reach the merits of Appellant's claims, we must first determine if this PCRA petition is timely as it affects our jurisdiction. Section 9545(b)(1) of the PCRA provides that "[a]ny petition filed under this

---

[2] Appellant alleged in this Rule 1925(b) statement that the PCRA court erred in dismissing his second PCRA as untimely where he characterized it as a continuation of his first petition. Appellant did not present this issue on appeal, although he represents the within petition as an extension of his timely first petition.

subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner pleads and proves one of the three statutory exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i-iii). Appellant's judgment of sentence became final on April 7, 2008, thirty days after this Court affirmed judgment of sentence since no further appellate review was sought. Thus, any PCRA petition would have to be filed on or before April 6, 2009 in order to be timely. The instant petition filed February 21, 2012, is patently untimely.

Appellant has not asserted any exception to the time bar or addressed the timeliness of his petition. He characterizes his petition, however, as an extension of his first petition, presumably in an attempt to render it timely. Our Supreme Court rejected the extension theory in **Commonwealth v. Robinson**, 837 A.2d 1157 (Pa. 2003). Since Appellant's petition is untimely, neither the trial court nor this Court has the "power to address the substantive merits of a petitioner's PCRA claims." **Commonwealth v. Swartzfager**, 59 A.3d 616, 619 (Pa.Super. 2012) (quoting **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000)).

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2014

- 4 -