J-S77022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC GRIGGS | |
| Appellant | No. 382 EDA 2014 |

Appeal from the PCRA Order January 9, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1202811-1997

BEFORE:  STABILE, J., JENKINS, J., and STRASSBURGER, J.*

MEMORANDUM BY JENKINS, J.:                **FILED DECEMBER 22, 2014**

Appellant, Eric Griggs, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. During the summer of 1997, Appellant and his coconspirator, Darien Roderick, robbed several neighborhood bars in Philadelphia.  A review of the testimony of witnesses revealed the crimes had a similar *modus operandi*. Roderick would enter the bar and order a shot or request change.  Shortly

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

thereafter, he would leave the bar only to return a few moments later with Appellant and another co-conspirator. Together, the men would rob the bartender and patrons at gunpoint before ordering everyone to the floor. On September 5, 1997, Appellant and Roderick were arrested in Roderick's vehicle. A search of the vehicle revealed $815 in a case, a gold bracelet, a gold chain, and a pistol.

On June 14, 1999, a jury found Appellant guilty of robbery,[2] violation of the uniform firearms act,[3] and conspiracy[4] with respect to the robberies at Frosty's Saloon, Gallagher's Sports Bar, and the Sunset Café. On July 28, 1999, Appellant was sentenced to an aggregate term of 25 to 70 years' imprisonment. He appealed his judgment of sentence on August 17, 1999. This Court affirmed his judgment of sentence on May 9, 2001. Because Appellant did not file a petition for allowance of appeal to our Supreme Court, his judgment of sentence became final thirty days after this Court's affirmance, on June 9, 2001. *See Commonwealth v. Swartzfager*, 59 A.3d 616 (Pa.Super.2012) (citing 42 Pa.C.S. § 9545(b)(3)) ("A judgment is deemed final at the conclusion of direct review, including discretionary

---

[2] 18 Pa.C.S. § 3701(a).

[3] 18 Pa.C.S. § 6106.

[4] 18 Pa.C.S. § 903.

review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

On February 12, 2002, Appellant filed a timely PCRA petition alleging ineffective assistance of counsel. The PCRA court denied this petition on July 13, 2004, and this Court affirmed on January 11, 2006.

On January 15, 2009, Appellant filed a "petition to vacate judgment." The court treated this petition as Appellant's second PCRA petition and, on November 23, 2011, issued notice pursuant to Pa.R.Crim.P. 907 of its intention to dismiss the petition as untimely. On December 12, 2011, Appellant filed a response to the Rule 907 notice, claiming he had not filed a PCRA petition but, rather, a *habeas corpus* petition. The court determined that his petition was a PCRA petition and dismissed it as untimely on January 9, 2014. On January 24, 2014, Appellant filed a notice of appeal. On February 18, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied the next day.

Appellant raises the following issues for our review:

> DID THE TRIAL COURT ERR IN [ITS] ORDER THAT DISMISSED [APPELLANT'S] *HABEAS CORPUS* PETITION AS AN UNTIMELY FILED PCRA PETITION?

> DID THE TRIAL COURT ERR BY FAILING TO REVIEW AND ADDRESS THE MERITORIOUS CLAIM OF A VIOLATION OF THE CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION?

> DID THE TRIAL COURT ERR BY FAILING TO REVIEW AND ADDRESS THE MERITORIOUS CLAIM OF A DUE PROCESS VIOLATION AS IT RELATES TO THE SUBJECT MATTER JURISDICTION OF THE TRIAL COURT?

Appellant's Brief at 6.

Regarding Appellant's contention that his petition should be considered a *habeas corpus* petition, and not a PCRA petition, we observe:

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542; **Commonwealth v. Haun**, [32 A.3d 697] ([Pa.]2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* [**Commonwealth v.**] **Fahy**, [737 A.2d 214,] 223–224 [Pa.1999]; **Commonwealth v. Chester**, [733 A.2d 1242] (Pa.1999).[5] Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. **See Commonwealth v. Peterkin**, [722 A.2d 638] ([Pa.]1998); **see also Commonwealth v. Deaner**, 779 A.2d 578 (Pa.Super.2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

**Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa.Super.2013).

Although Appellant purports to file a petition for a writ of *habeas corpus*, his claims for relief fall within the purview of the PCRA, because (1) he is currently serving a term of imprisonment, and (2) he alleges constitutional violations that either undermine the reliability of the truth-

---

[5] Abrogated on other grounds by **Commonwealth v. Grant**, 813 A.2d 726 (Pa.2002).

seeking process or nullify the trial court's jurisdiction over the proceedings. 42 Pa.C.S. § 9543 (a). Therefore, the lower court properly treated Appellant's alleged *habeas corpus* petition as a PCRA petition, and issued its order as a denial of PCRA relief. **See Taylor**, **supra** (treating appellant's writ of *habeas corpus* as a PCRA petition).

Our review of a PCRA court's decision "is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa.2012). Before addressing the merits of Appellant's claims, we must first consider the timeliness of his PCRA petition, because it implicates the jurisdiction of both this Court and the PCRA court. **Commonwealth v. Williams**, 35 A.3d 44, 52 (Pa.Super.2011) (citation omitted), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." **Id.** To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA timebar[.]" **Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa.2011). With respect to jurisdiction under the PCRA, this Court has further explained:

> The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

- 5 -

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011). This Court may review a PCRA petition filed more than one year after the judgment of sentence becomes final only if the claim falls within one of the following three statutory exceptions, which the petitioner must plead and prove:

§ 9545.  Jurisdiction and proceedings

\*     \*     \*

(b) Time for filing petition.–

   (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:
   (i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
   (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
   (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).  Further, if a petition pleads one of these exceptions, the petition will not be considered unless it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on June 9, 2001. He filed his PCRA petition on January 15, 2009, almost eight years later. Thus, Appellant's PCRA petition is patently untimely.

Appellant attempts to invoke the governmental interference exception to the PCRA time bar by arguing that the criminal information was defective or missing completely, and that his efforts to obtain it were thwarted by governmental officials. The trial court reasoned as follows:

> Given that [Appellant] failed to demonstrate that government officials obstructed the presentation of his claims; failed to offer after-discovered evidence which was previously unknown to him and could not have been obtained by the exercise of due diligence; and failed to [allege] a violation of a constitutional right recognized after the one-year limitation and held to apply retroactively, it was clear to this [c]ourt that [Appellant's] filing was untimely and that there was no jurisdiction to address the jurisdictional claim that [Appellant] set forth….

Trial Court Opinion, dated March 4, 2014, at 5. In effect, Appellant failed to explain how government officials obstructed the presentation of his evidence or why he did not bring this claim in a timely manner. Therefore, the trial court properly denied Appellant's PCRA petition as untimely. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/22/2014</u>