J-S42023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GILES W. WITHERSPOON | |
| Appellant | No. 3568 EDA 2014 |

Appeal from the PCRA Order July 31, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000086-2000

BEFORE: SHOGAN, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.: **FILED JULY 21, 2015**

Appellant, Giles W. Witherspoon, appeals from the July 31, 2014 order, dismissing as untimely his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

We summarize the relevant procedural history of this case as follows. On December 4, 2001, the trial court imposed an aggregate sentence of 13½ to 27 years' imprisonment, to be followed by five years' probation, after a jury found Appellant guilty of one count each of rape, kidnapping,

_____

[*] Former Justice specially assigned to the Superior Court.

aggravated assault, and simple assault.[1]  Appellant filed a timely notice of appeal, and this Court affirmed the judgment of sentence on April 8, 2003. *Commonwealth v. Witherspoon*, 828 A.2d 405 (Pa. Super. 2003) (unpublished memorandum), *appeal denied*, 832 A.2d 436 (Pa. 2003) (*Witherspoon I*).  Our Supreme Court denied Appellant's petition for allowance of appeal on September 30, 2003.  *Id.*  Appellant did not seek a writ of *certiorari* from the Supreme Court of the United States.

On April 14, 2005, Appellant filed a PCRA petition.  The PCRA court appointed counsel, who filed a motion to withdraw as counsel pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny.  On February 5, 2006, the PCRA court entered an order notifying Appellant of its intention to dismiss his PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907, on the basis that the petition was untimely.  The same order also granted PCRA counsel's petition to withdraw.  Appellant filed a timely response on February 21, 2006.  The PCRA court entered its order dismissing Appellant's PCRA petition on April 6, 2006.  Appellant filed a timely notice of appeal to this Court, which was docketed at 1287 EDA 2006.

---

[1]  18 Pa.C.S.A. §§ 3121(a)(1), 2901(a)(1), 2702(a), and 2701(a), respectively.

On May 14, 2007, this Court vacated and remanded. *Commonwealth v. Witherspoon*, 929 A.2d 250 (Pa. Super. 2007) (unpublished memorandum at 1). We noted the certified record contained a letter from Appellant to the PCRA court inquiring as to the status of a previous PCRA petition he had mailed on June 2, 2004. *Id.* at 4. Attached to said letter, Appellant included two dated cash slips from the Department of Corrections. *Id.* We concluded the record supported Appellant's position that he filed a timely PCRA petition in 2004. *Id.* at 7. We also agreed with Appellant that PCRA counsel failed to comply with the dictates of *Turner/Finley* and directed the PCRA court to appoint new counsel on remand for an evidentiary hearing. *Id.* at 6-7.

On remand, Appellant subsequently made a motion to proceed *pro se*, which the PCRA court granted. The PCRA court conducted an evidentiary hearing on October 26, 2010. On December 30, 2010, the PCRA court entered an order dismissing Appellant's PCRA petition. Appellant filed a notice of appeal to this Court, which was docketed at 307 EDA 2011. However, on March 17, 2011, Appellant filed a *praecipe* to discontinue said appeal.

Before the PCRA court ruled on his PCRA petition, Appellant filed an application for leave to file original process and an application for extraordinarily relief in our Supreme Court on December 20, 2010, which

were docketed at 2 MM 2011.[2]  Appellant's application for leave to file original process essentially asked our Supreme Court for permission to file his extraordinary relief application and have our Supreme Court consider the same on its merits.  Appellant's application for extraordinary relief requested our Supreme Court to exercise its extraordinary jurisdiction and grant him certain relief.  Our Supreme Court granted the application for leave to file original process, but denied the application for extraordinary relief on August 3, 2011.  Supreme Court Order, 2 MM 2011, 8/3/11, at 1, *cert. denied*, **Witherspoon v. Del. Cnty. Court of Common Pleas**, 132 S. Ct. 1034 (2012).  The Supreme Court of the United States denied Appellant's petition for a writ of *certiorari* on January 9, 2012.  **Id.**

On December 9, 2013, Appellant filed what he purported to be an "amended" PCRA petition.  On July 31, 2014, the PCRA court entered an order treating the filing as Appellant's second PCRA petition, and dismissing the same as untimely filed.  On August 13, 2014, Appellant filed a timely notice of appeal.[3]

---

[2] Because these filings are entered on our Supreme Court's docket as a public record, which this Court may view and take notice, we deny as moot Appellant's application to amend his reply brief to include copies of these applications.

[3] That same day, Appellant filed a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), although the PCRA court did not order him to do so.  The PCRA court issued its Rule 1925(a) opinion on December 23, 2014.

On appeal, Appellant raises two issues for our review.

> [1.] Should [Appellant]'s second *pro se* [PCRA p]etition, filed December 9, 2013 under the PCRA … have been construed as an amendment to the first as it was filed under 42 [Pa.C.S.A. §] 9545(b) due to the procedural irregularities with respect to the initial [p]etition which was still pending as held by the Pennsylvania Superior Court in ***Commonwealth v. Swartzfager***, 59 A.3d 616 (Pa. [Super.] 2012)[?]
>
> [2.] Whether the [PCRA] court's order dated December 30, 2010 is a nullity pursuant to Pa.R.A.P. 1701 … because [Appellant]'s Application for Leave to File Original Process and/or [Appellant]'s Petition for [I]ssuance of Write of Extraordinary Relief were filed ten days prior[?]

Appellant's Brief at iv.

We elect to address both of Appellant's issues together, and we begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." ***Commonwealth v. Robinson***, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the

PCRA court's legal conclusions *de novo*. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

As Appellant correctly suggests, our threshold consideration must be the timeliness of Appellant's December 9, 2013 "amended" PCRA petition, because it implicates the jurisdiction of this Court and the PCRA court. **Commonwealth v. Davis**, 86 A.3d 883, 887 (Pa. Super. 2014) (citation omitted). Pennsylvania law makes clear that when "a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." **Commonwealth v. Seskey**, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 103 (Pa. 2014). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.]" **Commonwealth v. Ali**, 86 A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted), *cert. denied*, **Ali v. Pennsylvania**, 135 S. Ct. 707 (2014). This is to "accord finality to the collateral review process." **Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). "However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met." **Commonwealth v. Lawson**, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted). The PCRA provides, in relevant part, as follows.

## § 9545.  Jurisdiction and proceedings

…

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

…

42 Pa.C.S.A. § 9545(b).

In the case *sub judice*, Appellant was sentenced on December 3, 2001, this Court affirmed on April 8, 2003, and our Supreme Court denied *allocatur* on September 30, 2003. **See Witherspoon I**, **supra**. As a result, Appellant's judgment of sentence became final on December 29, 2003, when the period for Appellant to file a petition for a writ of *certiorari* with the Supreme Court of the United States expired. **See** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"); U.S. S. Ct. R. 13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case … is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment[]"). Therefore, Appellant had until December 29, 2004 to timely file a PCRA petition. Appellant filed the instant petition on December 9, 2013. As a result, his petition was patently untimely. Furthermore, Appellant does not argue that any of the three enumerated time-bar exceptions applies.

Instead, Appellant argues that because he sought relief in our Supreme Court, the PCRA court was divested of jurisdiction under Pennsylvania Rule of Appellate Procedure 1701, rendering the PCRA court's December 30, 2010 dismissal order a legal nullity. Appellant's Brief at 7, 9. Therefore, in Appellant's view, the December 9, 2013 PCRA petition should

have been construed as an amendment to his previous one since it was never dismissed as a matter of law. *Id.* at 4.

Rule 1701 provides that "after an appeal is taken … the trial court … may no longer proceed further in the matter." Pa.R.A.P. 1701(a). Appellant argues that his applications filed in our Supreme Court were "appeals" within the meaning of Rule 1701 and divested the trial court of jurisdiction. Appellant's Brief at 20.

Generally, an appeal is effectuated by the filing of a timely notice of appeal. *See* Pa.R.A.P. 902(a) (stating, "[a]n appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903); *Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014) (stating, "an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal[]"). The note accompanying Rule 902 states that the notice of appeal is "self-perfecting." Pa.R.A.P. 902, Note.

By contrast, Appellant's filings in our Supreme Court requested that it assume jurisdiction in his case through its exercise of extraordinary jurisdiction. *See generally* 42 Pa.C.S.A. § 726 (stating, "[n]otwithstanding any other provision of law, the Supreme Court may, on its own motion or upon petition of any party, in any matter pending before any court or magisterial district judge of this Commonwealth involving an issue of

immediate public importance, assume plenary jurisdiction of such matter at any stage thereof and enter a final order or otherwise cause right and justice to be done[]").  Pennsylvania Rule of Appellate Procedure 3307(a) requires the filing of an application for leave to file a request for relief concerning a matter within the original jurisdiction of our Supreme Court.  *See generally* Pa.R.A.P. 3307.

In this case, through his application for leave to file original process, Appellant sought leave to file his application for extraordinary relief. Appellant concedes that because our Supreme Court denied his application for extraordinary relief, it did not assume jurisdiction over his case, and the PCRA court was not thereby divested of the same.  Appellant's Brief at 19. However, Appellant maintains that his preliminary application for leave to file in original process, which our Supreme Court granted, is an "appeal."  *Id.* We disagree.

As noted above, applications for leave to file original process are governed by Rule 3307.  *See* Pa.R.A.P. 3307(b) (stating, "[t]he initial pleading in any original action or proceeding shall be prefaced by an application for leave to file such pleading[]").  In essence, the application for such leave was a prerequisite for our Supreme Court to consider his request to exercise extraordinary jurisdiction over his case under Rule 3309(a).  *See id.* The fact that our Supreme Court granted his application for leave to file original process, thus permitting it to consider his application for

extraordinary jurisdiction on its merits, did not divest the PCRA of jurisdiction under Rule 1701. Only if Appellant's application for extraordinary jurisdiction were granted would this occur. *See id.* at 3309(d) (stating, "[w]here action is taken under this rule which has the effect of transferring jurisdiction of a matter to the Supreme Court, unless otherwise ordered by the Supreme Court such action shall be deemed the taking of an appeal as of right for the purposes of Chapter 17 (effect of appeals; supersedeas and stays), except that the lower court shall not have the power to grant reconsideration[]").

As noted above, Appellant acknowledges that our Supreme Court, by denying his application for extraordinary relief, never assumed jurisdiction over his case. Appellant's Brief at 19. Therefore, it follows by logical extension that granting a procedural prerequisite for our Supreme Court to consider his request did not transfer jurisdiction to our Supreme Court either. Based on these considerations, we conclude the PCRA court was not divested of jurisdiction when it entered its December 30, 2010 order dismissing Appellant's first PCRA petition. As a result, the PCRA court properly refused to consider Appellant's December 9, 2013 petition as an amendment to his previous petition.

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's second PCRA petition as untimely. Accordingly, the PCRA court's July 31, 2014 order is affirmed.

Order affirmed.  Petition for leave to add exhibits to reply brief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/21/2015