J-S86005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GEOFFREY HETHERINGTON | : | |
| | : | |
| Appellant | : | No. 1482 WDA 2015 |

Appeal from the PCRA Order August 7, 2015
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s):  CP-65-CR-0004009-2013,
CP-65-CR-0004012-2013

BEFORE:  GANTMAN, P.J., MOULTON, J., STEVENS[*], P.J.E.

JUDGMENT ORDER BY STEVENS, P.J.E.:           **FILED JANUARY 25, 2017**

Geoffrey Hetherington ("Appellant") appeals from the order entered in the Court of Common Pleas of Westmoreland County denying his first Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, petition without a hearing and granting PCRA counsel's petition to withdraw as counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988).  He argues that the PCRA court erroneously accepted PCRA counsel's **Turner**/**Finley** letter and dismissed his petition when counsel's letter failed to list and address Appellant's *pro se* claim that trial counsel ineffectively denied him his right to testify.  We vacate and remand.

_____
*Former Justice specially assigned to the Superior Court.

It is well-settled that a PCRA petitioner is not automatically entitled to an evidentiary hearing, and this Court will review the PCRA court's decision to dismiss a petition without a hearing for an abuse of discretion. *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014). A reviewing court will examine each issue raised in a PCRA petition in light of the record certified before it to determine if the PCRA court erred in finding that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. *Id*.

In its Pa.R.A.P. 1925(a) opinion, the PCRA court concedes that it erred when it accepted counsel's *Turner*/*Finley* letter and dismissed Appellant's petition when the letter failed to address all issues raised in the *pro se* PCRA petition. The Commonwealth responds that Appellant effectively waived his claim by filing serial PCRA appeals both before and after the time he received the PCRA court's Rule 907 notice of dismissal, thus "precluding" the court's ability to review his claims.[1] The record shows that Appellant filed no *pro se* response to the PCRA court's Rule 907 notice.

_____

[1] On August 7, 2015, the PCRA court entered its Rule 907 notice of intent to dismiss and advised Appellant of his opportunity to respond within 20 days. 27 days later, on September 3, 2015, Appellant filed a *pro se* notice of appeal to this Court. The PCRA court entered its final order dismissing Appellant's pro se petition on September 15, 2015. We decline to accept the proposition that Appellant prevented the court from properly reviewing the record prior to issuing Rule 907 notice and entering its final order.

Additionally although Appellant's notice of appeal was premature when filed, we will regard this appeal as timely. *See* Pa.R.A.P. 905(a)(5) ("A notice of
*(Footnote Continued Next Page)*

Pursuant to **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009), a defendant waives only a challenge to PCRA counsel's effective assistance of counsel by failing to raise such a claim in a timely response to a Rule 907 notice of intent to dismiss. As stated, however, Appellant's present challenge goes not to PCRA counsel's stewardship but, instead, to the PCRA court's act of dismissing his petition without having reviewed every claim it alleged.

Accepting PCRA counsel's **Turner**/**Finley** letter when it failed to list and address all of the issues raised in Appellant's *pro se* petition was judicial error. **See Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007) (providing counsel must, among other requirements, list "the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit ... If counsel fails to satisfy the foregoing technical prerequisites of **Turner**/**Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw"). The PCRA court should have, instead, denied PCRA counsel's petition to withdraw and ordered him to file either an amended PCRA petition or a compliant **Turner**/**Finley** letter.

*(Footnote Continued)* _____

appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."); **see also Commonwealth v. Swartzfager**, 59 A.3d 616, 618 n.3 (Pa. Super. 2012) (accepting premature notice of appeal filed after entry of Rule 907 Notice but before final order dismissing PCRA petition).

Therefore, we concur with the PCRA court's recommendation that we remand this matter for further review. Accordingly, we vacate the order dismissing Appellant's PCRA petition and remand for the appointment of new PCRA counsel, who shall review the record and file either an amended petition or a compliant **Turner**/**Finley** letter addressing all issues originally raised in Appellant's *pro se* PCRA petition.

Order vacated and case remanded for further proceedings consistent with this order. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/2017