**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Christopher SWARTZFAGER,**
**Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 10, 2012.

Filed Nov. 20, 2012.

Christopher L. Swartzfager, appellant, pro se.

Marie T. Veon, District Attorney, Franklin, for Commonwealth, appellee.

BEFORE: GANTMAN, J., WECHT, J., and FITZGERALD, J.*

OPINION BY GANTMAN, J.:

Appellant, Christopher Swartzfager, appeals from the order entered in the Venango County Court of Common Pleas, denying his petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We vacate and remand for further proceedings.

The relevant facts and procedural history of this appeal are as follows. Appellant pled guilty on September 29, 1998, to attempted rape. On November 23, 1998, the court sentenced Appellant to sixty-six (66) to two hundred forty (240) months' imprisonment. This Court affirmed the judgment of sentence on October 11, 2000. Appellant did not file a petition for allowance of appeal with our Supreme Court.

■ Appellant filed a *pro se* PCRA petition on October 19, 2001. The court appointed counsel, who filed a "no-merit" letter and motion to withdraw on March 19, 2003, concluding Appellant's *pro se* PCRA petition was untimely filed. On April 2, 2003, the court granted counsel leave to withdraw. That same day, the court issued notice of its intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* notice of appeal on April 21, 2003, from the April 2nd order granting counsel's motion to withdraw. In its Rule 907 notice and again in its opinion submitted to this Court, the PCRA court adopted counsel's position that Appellant's 2001 petition was untimely on its face and lacked any exception.[2] By order dated September 22, 2003,

---

* Former Justice specially assigned to the Superior Court.

1. 42 Pa.C.S.A. §§ 9541–9546.

2. The PCRA court reasoned Appellant's judgment of sentence became final on October 11, 2000, which was the date this Court affirmed the judgment of sentence, and the PCRA petition was due on or before October 11, 2001. Given the statutory provisions and rules governing timeliness of PCRA petitions, the court erred in regarding Appellant's 2001 petition as untimely because the court failed to take into consideration the additional thirty days Appellant had to file a petition for allowance of appeal with the Pennsylvania Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3) (stating: "For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). Thus, the one-year period for Appellant to file a PCRA petition did not begin to run until November 10, 2000, upon expiration of the thirty-day period to file a petition for allowance of appeal with the state Supreme Court. *See generally Commonwealth v. Doty*, 48 A.3d 451 (Pa.Super.2012). Therefore, Appellant's October 19, 2001 petition **was** timely.

this Court quashed the appeal *sua sponte* as interlocutory, and not immediately appealable, because the challenged order granting counsel leave to withdraw was not a final disposition of Appellant's PCRA petition. Since then, no further action related to Appellant's 2001 PCRA petition occurred.

Appellant filed another *pro se* PCRA petition on December 29, 2011. On March 22, 2012, the court issued Rule 907 notice of intent to dismiss without a hearing. Appellant then filed a *pro se* notice of appeal on April 10, 2012. The court entered a final order denying PCRA relief on April 23, 2012.[3] Also on April 23, 2012, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a *pro se* Rule 1925(b) statement on May 4, 2012.

Appellant raises two issues for our review:

THE TRIAL COURT ILLEGALLY SENTENCED APPELLANT TO FIVE AND [ONE-]HALF TO TWENTY YEARS IN PRISON FOR AN INCHOATE CRIME.

THE REQUIREMENTS OF MEGAN'S LAW WERE ILLEGALLY IMPOSED UPON APPELLANT WHEN HE WAS SENTENCED, INCARCERATED AND ON PAROLE.

(Appellant's Brief at 3).

◼ As a preliminary matter, we must determine whether Appellant timely filed the current PCRA petition. *Commonwealth v. Harris*, 972 A.2d 1196 (Pa.Super.2009), *appeal denied*, 603 Pa. 684, 982 A.2d 1227 (2009). Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 16, 1996, provide that a PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment becomes final. 42 Pa. C.S.A. § 9545(b)(1); *Commonwealth v. Bretz*, 830 A.2d 1273 (Pa.Super.2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

◼ The three statutory exceptions to the timeliness provision in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section

---

**3.** Although initially premature when filed, we need not quash Appellant's appeal. *See* Pa. R.A.P. 905(a)(5) (explaining, "A notice of appeal filed after the announcement of a deter-mination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof").

and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa–Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

 Pennsylvania law vests PCRA courts "with discretion to permit the amendment of a pending, timely-filed post-conviction petition...." *Commonwealth v. Flanagan*, 578 Pa. 587, 605, 854 A.2d 489, 499 (2004).

> [T]he prevailing rule remains simply that **amendment is to be freely allowed to achieve substantial justice.** The [Pennsylvania Supreme] Court has recognized that adherence to such rules governing post-conviction procedure is particularly appropriate since, in view of the PCRA's time limitations, the pending PCRA proceeding will most likely comprise the petitioner's sole opportunity to pursue collateral relief in state court.

*Id.* at 605, 854 A.2d at 500 (emphasis added) (internal citations omitted). In the absence of a final ruling on a timely-filed first PCRA petition, another petition for post-conviction relief can be considered an amended first timely petition. *See Commonwealth v. Williams*, 573 Pa. 613, 828 A.2d 981 (2003) (holding pro se petitioner's subsequent PCRA petitions constituted amendments to timely-filed first petition; although petitioner filed pro se motion to withdraw first PCRA petition, court took no action on motion; thus, motion to withdraw first PCRA petition was without ef-

fect, first PCRA petition remained valid, and court could not find subsequent PCRA petitions untimely).

Nevertheless, the PCRA also provides for the dismissal of a properly filed petition under certain circumstances:

### § 9543. Eligibility for relief

\* \* \*

> **(b) Exception.**—Even if the petitioner has met the requirements of subsection (a), the petition shall be dismissed if it appears at any time that, because of delay in filing the petition, the Commonwealth has been prejudiced either in its ability to respond to the petition or in its ability to re-try the petitioner. A petition may be dismissed due to delay in the filing by the petitioner only after a hearing upon a motion to dismiss. This subsection does not apply if the petitioner shows that the petition is based on grounds of which the petitioner could not have discovered by the exercise of reasonable diligence before the delay became prejudicial to the Commonwealth.

42 Pa.C.S.A. § 9543(b). Recently, our Supreme Court held that Section 9543(b) applies to delays in the filing of original **or** amended PCRA petitions:

> [T]he Commonwealth's construction of Section 9543(b) as applicable to delays in filing either original or amended petitions is the most consistent with the legislative intent underlying the PCRA. Initially, we note that Section 9543(b) was enacted as a part of the General Assembly's overhaul of the post-conviction relief process in 1988, ... and the requirement that an evidentiary hearing be held prior to dismissal for a delay in filing that causes prejudice to the Commonwealth was added *via* the 1995 amendments to the PCRA, which also created the one-year jurisdictional time bar.... We have observed that this

one-year time limitation, coupled with its few exceptions, reflects a legislative balance between the competing concerns of the finality of adjudications and the reliability of convictions. Section 9543(b) further demonstrates this balance by permitting a PCRA court to dismiss a matter on grounds of delay, which promotes the interest in finality, while requiring an evidentiary hearing where the Commonwealth must prove prejudice, thereby protecting the reliability of the underlying conviction. Similarly, as the Commonwealth points out, Section 9543(b) specifies that prejudice can occur "at any time," indicating that it was not only the commencement of PCRA proceedings with which the Legislature was concerned.

*Commonwealth v. Renchenski,* —— Pa. ——, ——, 52 A.3d 251, 259 (2012) (internal citations omitted). *See also Commonwealth v. Markowitz,* 32 A.3d 706, 712–13 (Pa.Super.2011) (stating delay in filing amended PCRA petition can cause Commonwealth undue prejudice in its ability to respond to petition or re-try case; court can consider delay in submitting amended petition when conducting prejudice analysis).

Instantly, the court sentenced Appellant on November 23, 1998. This Court affirmed the judgment of sentence on October 11, 2000, and Appellant did not seek further review with our Supreme Court. Thus, Appellant's judgment of sentence became final on November 10, 2000. *See* 42 Pa.C.S.A. § 9545(b)(3). Appellant timely filed his first *pro se* PCRA petition on October 19, 2001. Appointed counsel, however, erroneously concluded the petition was untimely. The court compounded counsel's error by permitting counsel to withdraw and issuing Rule 907 notice based upon the "no-merit" letter. Appel-

lant then filed a premature *pro se* notice of appeal. Thereafter, the PCRA court did not enter an order disposing of the 2001 PCRA petition. This Court quashed the appeal *sua sponte* as interlocutory, and not immediately appealable, because the challenged order granting counsel leave to withdraw was not a final disposition of Appellant's PCRA petition. Since then, no further action related to Appellant's 2001 PCRA petition occurred.

■ Appellant's case remained dormant until he filed a *pro se* PCRA petition on December 29, 2011. In light of the procedural irregularities in this case, and mindful of our Supreme Court's decision in *Flanagan,* we conclude Appellant's 2011 *pro se* PCRA petition should be construed as an amendment to his still open and timely-filed 2001 PCRA petition. Nevertheless, the delay in filing the amended PCRA petition might have prejudiced the Commonwealth's ability to respond. *See Renchenski, supra; Markowitz, supra.*

■ Consequently, we hold the best resolution of this case is to vacate and remand for further proceedings. *See Commonwealth v. Kenney,* 557 Pa. 195, 202–03, 732 A.2d 1161, 1165 (1999) (holding Superior Court has no original jurisdiction in PCRA proceedings; if record is insufficient to adjudicate allegations, case should be remanded for further inquiry). Upon remand, the court must first appoint new counsel to assist Appellant (which might include filing another amended petition), where the PCRA court erroneously permitted prior counsel to withdraw on invalid grounds. The court shall also conduct a hearing at least to analyze whether the delay in filing the amended PCRA petition prejudiced the Commonwealth's ability to respond and justifies dismissal of the peti-

tion on that ground.[4] *See Renchenski, supra.* Accordingly, we vacate and remand for further proceedings.

Order vacated; case remanded with instructions. Jurisdiction is relinquished.

4. Depending on the issues raised, the court should also decide whether it needs to hold a

hearing on the merits of Appellant's amended petition.