J. S27023/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| EDGAR B. MURPHY, JR., | : | |
| | : | |
| Appellant | : | No. 1430 MDA 2015 |

Appeal from the PCRA Order August 4, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division No(s): CP-22-CR-0004494-2006

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 06, 2016**

Appellant, Edgar B. Murphy, Jr., appeals from the August 4, 2015 Order entered in the Dauphin County Court of Common Pleas denying Appellant leave to supplement a prior Post-Conviction Collateral Relief Petition. After careful review, we determine that the trial court properly denied Appellant's Application for Leave of Court to Supplement Post Conviction Collateral Relief Petition where the Petition Appellant sought to amend was no longer pending. We therefore affirm.

Appellant was charged with various sexual offenses after his thirty-three-year-old daughter awoke in the middle of the night to find Appellant

---

[*] Former Justice specially assigned to the Superior Court.

pinning her to the bed and performing oral sex on her without her consent.

The relevant facts and procedural history of this case are as follows.

> Following trial, a jury convicted Appellant of three (3) counts of indecent assault, two (2) counts of involuntary deviate sexual intercourse, and one (1) count of sexual assault. On November 8, 2007, the court sentenced Appellant to an aggregate term of seven (7) to twenty (20) years' imprisonment. This Court affirmed the judgment of sentence on December 2, 2008. On April 29, 2009, our Supreme Court denied Appellant's petition for allowance of appeal. Commonwealth v. Murphy, 965 A.2d 299 (Pa.Super. 2008), appeal denied, 601 Pa. 677, 970 A.2d 429 (2009).
>
> On July 17, 2009, Appellant timely filed a pro se PCRA petition. The court appointed counsel, who filed an amended petition on October 5, 2009. In the amended petition, Appellant contended trial counsel was ineffective for failing to investigate or call certain witnesses at trial. On June 2, 2010, the court conducted an evidentiary hearing on the matter. At the conclusion of the hearing, the court announced its decision to deny PCRA relief. On June 11, 2010, PCRA counsel filed a petition to withdraw representation. On June 17, 2010, the court entered an order formally denying relief and granting PCRA counsel leave to withdraw.
>
> Appellant filed a pro se notice of appeal on August 5, 2010. On August 23, 2010, the court ordered Appellant to file a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a pro se Rule 1925(b) statement on September 13, 2010.

*Commonwealth v. Murphy*, No. 1282 MDA 2010, unpublished memorandum at 2-3 (Pa. Super. filed August 22, 2011). Thereafter, on August 22, 2011, this Court affirmed the denial of Appellant's PCRA Petition in an unpublished memorandum. *Id.*

Appellant did not file a Petition for Allowance of Appeal to our Supreme Court, and in fact, took no further action on his PCRA Petition for almost four years.

On June 25, 2015, Appellant filed an Application for Leave of Court to Supplement Post Conviction Collateral Relief Petition, seeking leave to supplement the PCRA Petition upon which this Court had entered final judgment four years earlier. The PCRA Court denied the Application in an Order dated August 4, 2015, which stated:

> AND NOW, this 4th day of August, 2015, upon consideration of Defendant's Application for Leave of Court to Supplement Post-Conviction Collateral Relief Petition, it is hereby ORDERED that such application is DENIED.

Order, filed 8/4/15.

On August 20, 2015, Appellant filed a Notice of Appeal. In compliance with the PCRA court's order, Appellant then filed a Rule 1925(b) Statement of Errors Complained of on Appeal alleging thirteen errors, including, verbatim "Petitioner re-alleges all issues raised in original PCRA."[1] Rule 1925(b) Statement, filed 9/24/15, at 2-5 (unpaginated). The PCRA Court did not file a Rule 1925(a) Opinion.

We begin by emphasizing the procedural posture of the instant appeal. Although there is an abundance of case law addressing the timeliness

---

[1] In his seventy-page brief to this Court, Appellant raises an indecipherable number of issues, with sixteen items listed in his Statement of Questions Involved and four argument sections, none of which clearly correspond to any one Question Involved.

- 3 -

requirements for a second or subsequent PCRA petition, in the instant case Appellant did not file a second or subsequent PCRA petition. Instead, Appellant sought leave to amend the PCRA petition upon which this Court had entered final judgment four years earlier, something for which there is no authority under the laws of this Commonwealth.

In general, PCRA courts are granted "discretion to permit the amendment of a **pending**, timely-filed post-conviction petition[.]" **Commonwealth v. Flanagan**, 854 A.2d 489, 499 (Pa. 2004) (emphasis added). Our Supreme Court has counseled PCRA courts to "freely allow[] [amendments] to achieve substantial justice." **Id.** at 500. Such amendments are only possible, however, "[i]n the absence of a final ruling[.]" **See Commonwealth v. Swartzfager**, 59 A.3d 616, 619 (Pa. Super. 2012). **See also Commonwealth v. Rienzi**, 827 A.2d 369, 371 (Pa. 2003) (rejecting an attempt to "circumvent the PCRA time-bar" by treating a subsequent petition as an amendment to the first petition, and noting that, because the first petition had been previously withdrawn, "there was nothing pending before the PCRA court that [the petitioner] could 'amend'").

In the instant case, there was no pending PCRA petition for Appellant to amend. Appellant's prior timely PCRA petition was disposed of four years ago, and there is simply no legal authority for a PCRA court to grant a

motion to amend or supplement a PCRA Petition that has long since reached a final disposition.

Therefore, we affirm the PCRA court's denial of Appellant's Application for Leave of Court to Supplement Post Conviction Collateral Relief Petition.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2016