J-S42044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SAMAD TAUFEEQ ROBINSON | |
| Appellant | No. 1903 WDA 2015 |

Appeal from the PCRA Order November 24, 2015
in the Court of Common Pleas of Erie County Criminal Division
at No(s): CP-25-CR-0001777-2008

BEFORE: SHOGAN, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED AUGUST 12, 2016**

Appellant, Samad Taufeeq Robinson, appeals *pro se* from the order of

the Erie County Court of Common Pleas, denying his second Post Conviction

Relief Act[1] ("PCRA") petition. Appellant claims the court imposed an unduly

harsh and manifestly excessive sentence that violates the fundamental

norms underlying the sentencing code. He contends he is serving an illegal

sentence. We affirm.

On January 6, 2009, Appellant pleaded guilty to count 3, persons not

to possess, use, manufacture, control, sell or transfer firearms[2] and count 4,

the manufacture, delivery, or possession with intent to manufacture or

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 6105(a)(1).

deliver, a controlled substance.[3]  On March 2, 2009, he was sentenced to 12 to 24 months' imprisonment for persons not to possess firearms consecutive to his sentence of 36 months to 72 months' imprisonment for possession with intent to deliver.  Appellant did not file post-sentence motions or a direct appeal.[4]  On January 6, 2010, Appellant filed a *pro se* PCRA petition.  Counsel was appointed and filed a "no merit letter."  On March 1, 2010, the court denied the PCRA petition.

On October 29, 2015, *pro se* Appellant filed his second PCRA petition.  On November 3, 2015, the PCRA court filed it notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907.  Appellant filed a notice of appeal on November 9, 2015.[5]  On November 24, 2015, the PCRA court denied the PCRA petition.

---

[3] 35 Pa.S. § 780-113(A)(30).

[4] Appellant's judgment of sentence became final on April 1, 2009.  **See** 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]").  Appellant had until April 1, 2010, to file his PCRA petition.  **See** 42 Pa.C.S. § 9545(b)(1) (providing PCRA petition must be filed within one year of date judgment becomes final).  Therefore, because he filed his PCRA petition on October 29, 2015, his petition is facially untimely.

[5] Although Appellant's notice of appeal was premature when filed, we will regard this appeal as timely.  **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."); **see also Commonwealth v. Swartzfager**, 59 A.3d 616, 618 n.

Appellant raises the following issues for our review, reproduced verbatim:

> 1. Appellant is appealing the order of the court dated November 2nd 2015 in which denied Appellant PCRA Petition. . ,
> 2. Appellant is appealing the fact that this court indicated that defendant's sentencing issue's is meritless. . ,
>
> 3. Appellant is appealing the fact that he is serving an illegal sentence and an illegal sentence issue is nonwaiveable. . ,
>
> 4. Appellant is appealing the fact that Judge Connelly lack jurisdiction to answer appellant's PCRA, where Judge Garhart was appellant's trial Judge . . ,
>
> 5. Appellant is appealing the court Order dismissing his PCRA without conducting a hearing as required by law . . ,
>
> 6. Appellant is appealing the fact he is serving an illegal Sentence . . ,

Appellant's Brief at 1.

As a prefatory matter, we consider whether the instant PCRA petition is timely. The timeliness of a PCRA petition is a threshold question that implicates the jurisdiction of a court to consider the merits of the relief requested. **Commonwealth v. Davis**, 86 A.3d 883, 887 (Pa. Super. 2014).

> To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:

---

3 (Pa. Super. 2012) (accepting premature notice of appeal filed after entry of Rule 907 Notice but before final order dismissing PCRA petition).

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

We emphasize that **it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies**. In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). A petitioner fails to satisfy the 60–day requirement of Section 9545(b) if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier.

*Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (some citations omitted and emphasis added).

In *Commonwealth v. Fowler*, 930 A.2d 586 (Pa. Super. 2007). this Court recognized:

[A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition. . . . [A]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.

*Id.* at 592 (quotation marks and citations omitted).

Appellant did not plead and prove any exception to the PCRA's timeliness requirement. *See Marshall*, 947 A.2d at 719. Appellant's legality of the sentence claim was raised in an untimely PCRA petition, thus depriving the court of jurisdiction over the claim. *See Fowler*, 930 A.2d at 592. Appellant is not entitled to relief.[6] *See Marshall*, 947 A.2d at 719; *Fowler*, 930 A.2d at 592.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2016

---

[6] We note that the PCRA court denied the PCRA petition finding the issues raised were meritless. "We may affirm the trial court on any ground." *Commonwealth v. Lynch*, 820 A.2d 728, 730 n.3 (Pa. Super. 2003).