J-S20008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANTHONY J. LEE | |
| Appellant | No. 881 EDA 2016 |

Appeal from the PCRA Order March 7, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001936-2011

BEFORE:  BOWES, J., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                                    **FILED MAY 23, 2017**

Anthony J. Lee appeals, *pro se*, from the March 7, 2016 order denying his PCRA petition without a hearing.  We affirm.

The facts underlying Appellant's conviction are as follows.  On February 22, 2011, Appellant entered a Subway restaurant in Allentown, Lehigh County.  Two employees were working that evening.  Appellant grabbed one of the employees, placed a gun against her head, threatened both women, and demanded money.  The employees complied.  Appellant led the two women to the back of the restaurant where he secured their ankles with zip ties before leaving with the money and other items taken from the store.  An off-duty detective observed Appellant exiting the restaurant.  A pursuit ensued, and Appellant evaded apprehension for a

short period after abandoning his car. The police recovered items stolen from the store in the deserted vehicle. Appellant's latent fingerprints were also found within.

Subsequently, Appellant was charged with robbery, two counts of false imprisonment, and firearms not to be carried without a license. He was convicted of all charges following a jury trial, and the court imposed a sentence of nineteen-and-one-half to thirty-nine years incarceration. Appellant filed a direct appeal with this Court challenging the court's failure to suppress certain in-court and out-of-court identifications, the legality of his sentence, and the discretionary aspects of his sentence. On December 17, 2013, we vacated Appellant's sentence insofar as the trial court improperly imposed conditions upon his parole, but affirmed his judgment of sentence in all other respects. *Commonwealth v. Lee*, 93 A.3d 511 (Pa.Super. 2013) (unpublished memorandum). The Supreme Court denied Appellant's petition for allowance of appeal on May 15, 2014. *Commonwealth v. Lee*, 625 Pa. 658 (Pa. 2014).

Appellant filed a timely *pro se* PCRA petition on August 13, 2015. The trial court appointed counsel, and counsel subsequently filed a motion to withdraw as counsel and accompanying *Turner*/*Finley*[1] letter on October

_____

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

26, 2015. On November 24, 2015, after a hearing on the motion to withdraw, the trial court granted PCRA counsel's motion.[2] Thereafter, on January 26, 2016, the PCRA court filed a Rule 907 notice of intent to dismiss. Appellant did not contest the court's Rule 907 notice. Instead, on March 4, 2016, Appellant filed a *pro se* notice of appeal to this court. On March 7, 2016, the PCRA court filed an order denying Appellant's PCRA petition.[3] Appellant complied with the court's order to file a Rule 1925(b) concise statement of errors complained of on appeal, and the court authored its Rule 1925(a) opinion. This matter is now ready for our review.

Appellant raises one issue for our consideration:

A. As nothing existed in the record to either confirm nor contradict Appellant's claim of ineffective assistance of counsel in the context of counsel's failure to disclose an additional plea made by the Commonwealth, the trial court erred in dismissing Appellant's PCRA petition without a hearing; denying Appellant the opportunity to examine defense counsel under oath and establish a record in regards to this claim.

_____

[2] The notes of testimony for the November 24, 2015 hearing regarding PCRA counsel's motion to withdraw were not transcribed.

[3] Pursuant to Pa.R.A.P. § 905(5), "A notice of appeal filed after the announcement of a determination but before entry of an appealable order shall be treated as filed after such entry an on the day thereof." ***See also Commonwealth v. Swartzfager***, 59 A.3d 616, 618 n.3 (Pa.Super. 2012) (stating "Although initially premature when filed, we need not quash [appellant's] appeal."). Although Appellant's notice of appeal was filed before the PCRA court entered its final order, we treat it as if it were timely filed on March 7, 2016, when the court docketed the order denying the PCRA petition.

Appellant's brief at 4.

When reviewing a court's denial of a PCRA petition, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*). Our review is limited to the evidence of record and the factual findings of the PCRA court. *Id*. This Court will afford "great deference to the factual findings of the PCRA court and will not disturb those finding unless they have no support in the record." *Id*. Thus, when a PCRA court's ruling is free of legal error and is supported by the evidence, we will not disturb its decision." *Id*.

Appellant's PCRA petition alleges that trial counsel rendered ineffective assistance of counsel by failing to apprise him of a global plea offer prior to his trial. In analyzing a claim of ineffective assistance of counsel, "we begin with the presumption counsel is effective." *Commonwealth v. Cousar*, 154 A.3d 287, 296 (Pa. 2017) (citation omitted). In order to succeed on such a claim, an appellant must establish, by a preponderance of the evidence:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions of failure to act; and (3) appellant suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

*Id*. at 296-297. Finally, we are "not required to analyze the elements of an ineffectiveness claim in any particular order of priority; if a claim fails under any necessary element . . . the court may proceed to that element first." *Id*. at 297 (citation omitted).

Appellant's claimed error on appeal assails the PCRA court's denial of his PCRA petition without a hearing. We note that the decision to deny a PCRA petition is discretionary, and the PCRA court may do so where it is satisfied that "there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings." *Id*. (citation omitted). Moreover, "[t]o obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Id*. (citation omitted).

Additionally, we observe, "hearings are not discovery expeditions, but are conducted when necessary to offer the petitioner an opportunity to prove his explicit assertion of ineffectiveness raising a colorable claim about which there remains an issue of material fact." *Id*. at 299 (citation omitted). A petitioner cannot rely on mere conclusory allegations, but must make some showing as to how counsel would response to the allegations in order to be entitled to relief. *Id*.; Pa.R.Crim.P. 902(A)(12)(b) (PCRA petition must

contain facts supporting grounds for relief; if facts do not appear in record, petitioner must identify "affidavits, documents, and other evidence showing such facts.").

Appellant contends that the court erred in refusing to grant him a hearing on his ineffectiveness-of-counsel claim because there is "nothing in the record to either confirm nor [sic] contradict" his allegation that trial counsel did not communicate to him a final plea offer which was supposedly made prior to trial. Appellant's brief at 10. He avers trial counsel did not apprise him of this last-minute offer until after trial. Appellant also challenges the findings contained in PRCA counsel's *Turner*/*Finley* letter, including his conclusion that Appellant's claim was meritless. He reiterates that there is nothing of record to support this conclusion. Hence, Appellant maintains that, since it is not possible to determine from the record whether his claim is frivolous and without support, he is entitled to a remand for an evidentiary hearing. We disagree.

Instantly, Appellant filed a PCRA petition alleging that trial court failed to communicate a plea offer to him. He claimed that "there is a very strong likelihood that [he] would have taken the plea offer rather than proceeding to trial in this matter." *Id*. In addition to conceding that there was no support in the record for this allegation, Appellant's initial *pro se* PCRA petition did not identify "affidavits, documents, or other evidence" tending to support his claim as required by Pa.R.Crim.P. 902(A)(12)(b). Indeed,

Appellant did not explain to the court the contents of the supposed plea offer. Upon being appointed to Appellant's case, PCRA counsel undertook an investigation, on Appellant's behalf, to determine whether support could be garnered for his claim.

In his no-merit letter, PCRA counsel described, in detail, the extent of his investigation into Appellant's contention as follows. PCRA counsel contacted trial counsel and reviewed Appellant's case file, including numerous correspondences between Appellant and trial counsel. *Turner*/*Finley* No Merit Letter, 10/26/15, at unnumbered 3-4. This review revealed that Appellant requested that trial counsel seek a plea deal, that the Commonwealth proposed multiple plea offers, and that Appellant rejected all of those offers. *Id*. Moreover, PCRA counsel indicated that trial counsel did not recollect communicating with Appellant after his trial regarding a last-minute plea offer made just before trial, and that his file did not reflect that such a conversation had occurred. *Id*. at 4. Hence, PCRA counsel determined that Appellant could not proffer evidence establishing trial counsel's ineffectiveness, and indicated his intent to withdraw.

On November 24, 2015, the PCRA court held a hearing on PCRA counsel's motion to withdraw. The PCRA court recounted its findings in its Rule 1925(a) opinion, observing:

> [Appellant] alleges he found out about this offer from [trial counsel] after he was sentenced, but does not indicate what this offer was. [Trial counsel] advised [PCRA counsel] that she did

not recall any such conversation nor did she make any file notes regarding such a conversation. Considering the many offers [trial counsel] relayed to [Appellant] prior to trial – which [he] ultimately rejected – this court finds it incredible that [Appellant] had any conversation with [trial counsel] regarding a plea offer **after** sentencing. [PCRA counsel] fully investigated this claim, and found there was no merit.

PCRA Court Opinion, 5/23/16, at 2-3 (emphasis in original). The PCRA court concluded that Appellant's issue lacked arguable merit, and therefore, he was not entitled to a hearing on his petition. In so finding, the PCRA court credited and adopted the results of PCRA counsel's evidentiary investigation, and found Appellant's bald allegations to the contrary to be incredible.

Upon review of the certified record, we find the PCRA court did not abuse its discretion in denying Appellant's PCRA petition without a hearing. As noted above, hearings are not an opportunity for discovery. Rather, in order to overcome trial counsel's presumption of effectiveness, Appellant was required, pursuant to Pa.R.Crim.P. 902, to offer some evidence in support of the averments contained within his petition. The PCRA court found a hearing was unnecessary since Appellant relied upon an unsupported assertion of ineffectiveness belied by trial counsel's file, and they did not support a colorable claim about which there remains an issue of material fact. **Cousar**, **supra**. PCRA counsel undertook a thorough investigation on Appellant's behalf to determine whether such evidence existed, and concluded that it did not. The PCRA court credited PCRA counsel's findings, and Appellant offered no evidence to refute that

determination. Therefore, Appellant did not present a claim of arguable merit. Since Appellant has failed to plead facts sufficient to establish that he is entitled to an evidentiary hearing, this claim fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/23/2017