J-S61013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES R. JONES, | |
| Appellant | No. 3881 EDA 2017 |

Appeal from the PCRA Order Entered January 12, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0205431-2002

BEFORE: BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED NOVEMBER 27, 2018**

Appellant, James R. Jones, appeals *pro se* from the post-conviction court's January 12, 2018 order dismissing, as untimely, his fourth petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1] We affirm.

At the outset, we note that the arguments presented in Appellant's *pro se* brief are confusing, at best. His "Statement of the Question Involved" is

_____

[1] On November 20, 2017, Appellant filed a notice of appeal from the PCRA court's November 6, 2017 order notifying Appellant of its intent to dismiss his petition pursuant to Pa.R.Crim.P. 907. On January 12, 2018, the court issued the final order dismissing Appellant's petition. We will regard Appellant's premature notice of appeal as timely. ***See*** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."); ***see also Commonwealth v. Swartzfager***, 59 A.3d 616, 618 n.3 (Pa. Super. 2012) (accepting a premature notice of appeal filed after the entry of the Rule 907 order and before the final order dismissing the petition).

demonstrative of this point: "Was the verdict at trial based on false documents by the government agencies, [a] claim under 42 Pa.C.S.[] § 9545 and § 9541 PCRA petition, also a violation of the Constitution of this Commonwealth." Appellant's Brief at 6. It appears, however, that Appellant is contending that his untimely-filed PCRA petition satisfies the after-discovered-fact exception of 42 Pa.C.S. § 9545(b)(1)(ii), based on his discovering that his pre-sentence investigation report (PSI) contained inaccurate information. Appellant also seemingly avers that the government interfered with his ability to raise this claim by withholding his PSI from him.

We have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have considered the opinion of the Honorable Amanda Cooperman of the Court of Common Pleas of Philadelphia County. We conclude that Judge Cooperman's well-reasoned opinion accurately disposes of the issues presented by Appellant. Accordingly, we adopt her opinion as our own and affirm the order denying Appellant's petition for the reasons set forth therein.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/18

- 2 -

PURSUANT COPIES SENT
TO Pa.R.C.P. 236(b)
MAR 2 0 2018
FIRST JUDICIAL DISTRICT OF PA
USER I.D.:

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

| Commonwealth of Pennsylvania | : | CP-51-CR-0205431-2002 |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | PCRA |
| | : | |
| James Jones | : | Criminal Division |

CP-51-CR-0205431-2002 Comm. v. Jones, James
Opinion

8087638301

## OPINION OF THE COURT

**COOPERMAN, J**            **March 20, 2018**

### PROCEDURAL HISTORY

Following a non-jury trial on July 26, 2002, Defendant was convicted of robbery, burglary, theft, receiving stolen property, criminal mischief, criminal trespass, simple assault, and recklessly endangering another person for the January 10, 2002 burglary of Joel Beamon's residence in Philadelphia. On December 17, 2002, this Court determined that Defendant's robbery and burglary convictions required the imposition of mandatory minimum sentences for recidivists pursuant to 42 Pa.C.S.A. §9714(a)(2) (sentences for second and subsequent offenses), and imposed two concurrent terms of twenty-five to fifty years' imprisonment for robbery and burglary. No further penalties were imposed on the remaining convictions. The Superior Court affirmed Defendant's judgment of sentence. *See, Commonwealth v. Jones*, 844 A.2d 1282 (Pa. Super. 2003) (unpublished memorandum). And the Pennsylvania Supreme Court denied further review. *See Commonwealth v.*

*Jones*, 853 A.2d 360 (Pa. 2004).

Defendant subsequently filed a timely PCRA Petition, which this Court denied. On appeal, the Superior Court vacated Defendant's sentence as illegal under *Commonwealth v. McClintic*, 909 A.2d 1241 (Pa. 2006). Specifically, the Superior Court held that because Defendant's burglary and robbery convictions arose from of the same criminal transaction, a sentence enhancement was proper for one, but not for both, crimes of violence. At a new sentencing hearing in October 2007, where Defendant was present, this Court re-sentenced Defendant to a mandatory term of imprisonment for the robbery conviction only, and imposed a concurrent sentence of nine to eighteen years of incarceration for burglary. The Superior Court affirmed Defendant's judgment of sentence, *see Commonwealth v. Jones*, 974 A.2d 1184 (Pa. Super. 2009) (unpublished memorandum), and the Pennsylvania Supreme Court denied further review. *See Commonwealth v. Jones*, 980 A.2d 606 (Pa. 2009).

Since then, Defendant has filed *pro se* PCRA petitions that this Court has denied as untimely, not subject to an exception, and the Superior Court has subsequently affirmed. *See Commonwealth v. Jones*, 24 A.3d 444 (Pa. Super. 2010); *see also, Commonwealth v. Jones*, 81 A.3d 1001(Pa. Super. 2013); *Commonwealth v. Jones*, 2017 WL 219092 (Pa. Super. Jan. 19, 2017). Defendant filed another *pro se* Petition for post-conviction relief on August 24, 2017, which is the subject of the instant appeal. Defendant also filed a *pro se* amendment to his petition on September 5, 2017. After reviewing Defendant's Petition, this Court determined that the allegations in the petition, as amended, were untimely filed and not subject to an exception. However, on November 20, 2017, before a final order dismissing Defendant's petition was entered, Defendant filed the instant appeal.

This Court subsequently entered a final order dismissing Defendant's petition, as amended, on January 12, 2018.

**ANALYSIS:**

Defendant alleges he recently discovered errors in a pre-sentencing investigation (PSI) report relied on during Defendant's initial sentencing hearing, including that he had family living in Philadelphia and never served in the military. However, this Court lacks jurisdiction to review the merits of Defendant's petition, as amended, because Defendant's petition was untimely filed, and not subject to an exception.

The Superior Court has previously determined:

> It is well-established that the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed. Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S.A. §9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly recognized constitutional right. 42 Pa.C.S.A. §9545(b)(1)(i)-(iii). However, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented.

*Commonwealth v. Waters*, 135 A.3d 589, 591-592 (Pa. Super. 2016) (most citations omitted).

In this case, Defendant's judgment of sentence became final on September 27, 2004; the time to have sought *certiori* with the United States Supreme Court had expired. *See*, 42 Pa.C.S.A. §9545(b)(3); U.S. Supreme Court Rule 13(a). As Defendant filed his Petition on August 24, 2017, more than a decade after his sentence became final, his petition is facially untimely.

-3-

Defendant claims two exceptions to the PCRA's jurisdictional timeliness requirement. First, Defendant alleges interference by government officials. Specifically, Defendant alleges that he attempted to obtain a copy of the PSI report from the Criminal Justice Center in Philadelphia, and had his request denied because the documents belonged to Judge Jackson. A defendant who seeks a postconviction review of an untimely petition based on claims of government interference has 60 days after the discovery of the information to file his or her petition and must plead and prove that the information could not have been discovered earlier with the exercise of due diligence. *Commonwealth v. Sattazahn*, 869 A.2d 529 (Pa. Super. 2005). Defendant's allegations fail to demonstrate interference by a government actor in violation the laws or constitution of either this Commonwealth or the United States. Defendant pleads no facts to show that he filed a motion seeking a copy of his PSI report from any court and provides no additional or collaborative support to his claim that he pursued this information diligently. Further, Defendant does not explain why he could not have challenged his lack of access to this information earlier or why he did not seek alternate means of attempting to obtain this information. That Defendant only recently came across this information does not excuse his failure to try to obtain this information at the time of his sentencing or in the more than a decade that has since passed. Accordingly, Defendant failed to plead and prove the governmental interference exception.

Defendant also relies on the "unknown facts" exception. Defendant alleges that on July 27, 2017, he was presented with a copy of the false PSI report by a prison counselor[1]. To raise a successful newly discovered fact claim, a petitioner must show that: (1) "the facts upon which the

---

1 Although Defendant's petition alleges he received the information from the prison counselor on July 19, 2017, the amended petition alleges he received the information on July 27, 2017.

-4-

claim was predicated were unknown" and (2) the facts "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. §9545(b)(1)(ii). Due diligence requires that a defendant take such steps as to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164 (Pa. Super. 2011). This Court does not believe the facts as alleged establish the exercise of due diligence on Defendant's part to protect his own interests. Defendant's allegations that he (1) only recently received a copy of his PSI report from a prison counselor, which Defendant could have reviewed prior to either sentencing hearing in this case, and (2) made a single attempt to obtain a copy of his PSI report do not suggest that the Defendant diligently pursued the documents related to his case within the timeframe required for the timely filing of a PCRA petition. Therefore, this Court is without jurisdiction to consider Defendant's claim for relief. *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003).

WHEREFORE, for the abovementioned reasons, this Court respectfully requests the dismissal of Defendant's Appeal from his PCRA petition and the affirmance of the Judgment of Sentence in this matter.

BY THE COURT:

AMANDA COOPERMAN, J.

Date 3/20/18

-5-