J. S37037/20
J. S37038/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ISAIAH ANDERSON, | : | No. 770 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered February 25, 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0000624-2012,
CP-51-CR-0004336-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ISAIAH ANDERSON, | : | No. 771 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered February 25, 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0000624-2012,
CP-51-CR-0004336-2013

BEFORE:  SHOGAN, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED OCTOBER 28, 2020**

Isaiah Anderson appeals ***pro se*** from the February 25, 2020 order

permitting his appointed counsel, James R. Lloyd, III, to withdraw his

appearance pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa.

1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). After careful review, we quash appellant's appeal.

On January 11, 2012, the Commonwealth charged appellant at Docket No. CP-51-CR-0000624-2012 with rape of a child, aggravated indecent assault of a child, unlawful contact with a minor – sexual offenses, sexual assault, corruption of minors, and indecent assault of a person less than 13 years of age.[1] In April of 2013, the Commonwealth charged appellant at Docket No. CP-51-0004336-2013 with one count of aggravated assault and two counts of resisting arrest.[2] The trial court entered an order consolidating the two cases for trial.

On November 19, 2014, a jury convicted appellant of the aforementioned offenses. The trial court sentenced appellant to an aggregate term of 13½ to 27 years' imprisonment, to be followed by 4 years' probation on February 20, 2015. Appellant filed a timely notice of appeal to this court. On July 12, 2016, this court affirmed appellant's judgment of sentence. *See Commonwealth v. Anderson*, 154 A.3d 851 (Pa.Super. 2016) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which our supreme court denied on July 6, 2017. *See Commonwealth v. Anderson*,

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3125(b), 6318(a)(1), 3124.1, 6301(a)(1)(i), and 3126(a)(7), respectively.

[2] 18 Pa.C.S.A. §§ 2702(a)(3) and 5104, respectively.

169 A.3d 1036 (Pa. 2017). Appellant did not file a petition for a writ of *certiorari* with the Supreme Court of the United States.

On August 22, 2018, appellant filed a timely *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court appointed Attorney Lloyd to represent appellant. Despite being represented by counsel, appellant filed multiple *pro se* amended PCRA petitions. On January 17, 2019, Attorney Lloyd filed a motion to withdraw as counsel, accompanied by a *Turner*/*Finley* no-merit letter. The PCRA court entered a notice of its intent to dismiss appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 on January 25, 2019.

On February 25, 2019, the PCRA court entered an order permitting Attorney Lloyd to withdraw as counsel. Appellant filed the instant notice of appeal from the February 25, 2019 order on March 1, 2019. On March 21, 2019, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

In the interim, the PCRA court entered an order dismissing appellant's PCRA petition without a hearing on March 20, 2019. Appellant filed timely notices of appeal from the March 20, 2019 order on March 22, 2019, which were docketed by this court at Nos. 1232 EDA 2019 and 1233 EDA 2019. In

compliance with the PCRA court's March 21, 2019 order, appellant filed a Rule 1925(b) statement on April 12, 2019.[3]

Before we can consider the merits of appellant's appeal, we must first determine whether the instant appeal is properly before us. An order permitting a PCRA counsel to withdraw pursuant to **Turner** and **Finley** is not a final, appealable order because it fails to dispose of all claims and of all parties. **See** Pa.R.A.P. 341(b)(1) ("[a] final order is any order that" "disposes of all claims and of all parties"). We have explained that an interlocutory order, which is not appealable as of right pursuant to Pa.R.A.P. 311, may only be appealed by permission of court pursuant to Pa.R.A.P. 1311. **Commonwealth v. Ivy**, 146 A.3d 241, 257 (Pa.Super. 2016), citing **Commonwealth v. Strong**, 825 A.2d 658, 667 n.3 (Pa.Super. 2003), **appeal denied**, 847 A.2d 59 (Pa. 2004), **cert. denied sub nom. Strong v. Pennsylvania**, 544 U.S. 927 (2005). The record reflects that appellant did not seek permission of court to appeal the interlocutory order under Rule 1311. Therefore, the February 25, 2019 order permitting appellant's PCRA counsel to withdraw is not an appealable order. Consequently, we lack jurisdiction over this appeal.

We note, however, that this court may treat a premature notice of appeal as timely in the PCRA context when the notice is filed after the PCRA

---

[3] The PCRA court did not order appellant to file a Rule 1925(b) statement for his March 22, 2019 notice of appeal.

court enters its Rule 907 notice, but before the entry of a final order dismissing the PCRA petition. ***Commonwealth v. Swartzfager***, 59 A.3d 616, 618 n.3 (Pa.Super. 2012), citing Pa.R.A.P. 905(a)(5). In the instant case, the PCRA court entered its final order dismissing appellant's PCRA petition without a hearing on March 20, 2019. As noted above, appellant subsequently filed a timely notice of appeal from the PCRA court's March 20, 2019 order, which this court docketed at Nos. 1232 EDA 2019 and 1233 EDA 2019. Accordingly, this appeal is duplicative of appellant's appeals docketed at Nos. 1232 EDA 2019 and 1233 EDA 2019. Therefore, we quash appellant's appeal.

Appeal quashed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 10/28/2020*