J-A19012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DARRYL YOUNG :
:
Appellant : No. 2088 EDA 2020

Appeal from the PCRA Order Entered October 29, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006505-2014

BEFORE: DUBOW, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED OCTOBER 15, 2021**

Appellant, Darryl Young, appeals from the Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. Appellant asserts that his trial counsel was ineffective for failing to object to hearsay testimony. We affirm.

On February 2, 2009, Appellant shot Shrivin McGarrell and William Hairston in the presence of several eyewitnesses. Hairston died at the scene, but Darren Ricketts and another unidentified man, both bystanders to the shooting, placed McGarrell into Ricketts' car and took him to the hospital. As they did so, McGarrell, still distressed and bleeding from his gunshot wounds, identified Appellant as the shooter by his nickname.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The case proceeded to a bench trial. At trial, Ricketts testified, without objection from Appellant's counsel, that McGarrell identified Appellant as the shooter. McGarrell also testified, recanted his earlier identification statement, and denied that Appellant was the shooter.[1]

On February 24, 2016, the trial court found Appellant guilty of First-Degree Murder, Conspiracy to Commit Murder, Attempted Murder, Aggravated Assault, Carrying a Firearm Without a License, Carrying a Firearm in Public, Possessing an Instrument of Crime, and Recklessly Endangering Another Person.[2] On December 29, 2017, this Court affirmed Appellant's judgment of sentence, and on July 31, 2018, our Supreme Court denied the appeal. *Commonwealth v. Young*, 181 A.3d 1279 (Pa. Super. filed December 29, 2017) (non-precedential decision), *appeal denied*, 190 A.3d 587 (Pa. 2018).

On April 2, 2019, Appellant timely filed his first *pro se* PCRA petition alleging ineffective assistance of counsel. PCRA Pet., 4/2/19. The court appointed PCRA counsel, who, on November 10, 2019, filed an amended PCRA Petition, asserting that trial counsel was ineffective for failing to object to Ricketts' testimony. Amended PCRA Pet., 11/10/19, at 8. On September 15, 2020, the PCRA court issued Notice of Intent to Dismiss Appellant's Petition

---

[1] McGarrell did not specifically identify who he believed the actual shooter to be. When the Commonwealth asked, he responded only "I'm locked up 30 to 60 for killing the person who shot me … check out who on my jawn." N.T., 2/22/2016, at 69.

[2] 18 Pa.C.S §§ 2502(a), 903(a), 901(a), 2702(a), 6106(a)(1), 6108, 907(a), and 2705, respectively.

without a hearing, pursuant to Pa.R.Crim.P. 907. On October 27, 2020, before the PCRA Court formally dismissed his Petition, Appellant filed his Notice of Appeal. On October 21, 2021, the PCRA Court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement, and Appellant did so the following day. The PCRA Court formally dismissed Appellant's Petition on October 29, 2021.[3] On May 21, 2021, the court issued its 1925(a) Opinion.

Appellant raises the following issue on appeal:

Did the PCRA court err in dismissing Appellant's PCRA Petition without a hearing because trial counsel was ineffective for not objecting to the admission of highly prejudicial hearsay in relation to a purported dying declaration statement by Complainant, Shirvin McGarrell?

Appellant's Br. at 2.

Our review of an order denying a PCRA petition is limited to whether the PCRA court's findings are supported by the record and free of legal error. **Commonwealth v. Duffey**, 889 A.2d 56, 61 (Pa. 2005).

In analyzing an ineffective assistance of counsel claim, we presume counsel is effective. **Commonwealth v. Robinson**, 82 A.3d 998, 1005 (Pa. 2013). To overcome this presumption, a petitioner must demonstrate that (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) he was prejudiced by counsel's act or

---

[3] Although Appellant's appeal was premature at the time he filed it, we treat a notice of appeal filed after the announcement of a determination but before the formal entry of an appealable order as filed on the same day as the order. Pa.R.A.P. 905(a)(5), **see also Commonwealth v. Swartzfager**, 59 A.3d 616, 618 n.3 (Pa. Super. 2012) (accepting premature notice of appeal filed after entry of Rule 907 Notice but before final order dismissing PCRA petition).

omission. ***Commonwealth v. Cousar***, 154 A.3d 287, 296-97 (Pa. 2017). "If a petitioner fails to satisfy any prong of the ineffectiveness inquiry, a claim of ineffective assistance of counsel will be rejected." ***Commonwealth v. Eichinger***, 108 A.3d 821, 830-31 (Pa. 2014) (citation omitted). Where "the underlying claim is meritless, the derivative claim of ineffective assistance of counsel for failing to object has no arguable merit." ***Commonwealth v. Spotz***, 47 A.3d 63, 122 (Pa. 2012).

Appellant asserts that his trial counsel was ineffective for failing to object to Ricketts' testimony describing McGarrell's identification statement, which he argues was inadmissible hearsay. Appellant's Br. at 8.

Hearsay is an out of court statement introduced for the truth of the matter asserted. ***Commonwealth v. Fitzpatrick***, 255 A.3d 452, 458 (Pa. 2021). While hearsay statements are generally inadmissible, a party may present otherwise inadmissible hearsay under the excited utterance exception. Pa. R.E. 803(2).

An excited utterance is a "statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." ***Id.*** For the exception to apply, the statement must have been a "spontaneous declaration," and the declarant must have made it in response to an "event sufficiently startling and so close in point of time as to render her reflective thought processes inoperable[.]" ***Commonwealth v. Murray***, 83 A.3d 137, 157-58 (Pa. 2013) (citations omitted).

A party can introduce hearsay evidence under this exception even when the declarant is available, and even when the declarant actually testifies. *See* ***Commonwealth v. Bibbs,*** 970 A.2d 440, 453-54 (Pa. Super. 2009) (affirming admission of hearsay statement as excited utterance where gunshot victim identified shooter immediately after shooting and later recanted on the stand).

Appellant argues that the excited utterance exception cannot apply because there was no showing that McGarrell "was, in fact, startled" and "there had been a lapse in time" between the event and his statement. Appellant's Br. at 15.

It is well-established that "a threat upon one's life is certainly a startling event[.]" ***Murray***, 83 A.3d at 158. In determining whether an utterance and event were in close enough proximity for the exception to apply, Pennsylvania courts have consistently rejected a "clearly defined" time limit in favor of a "fact-specific inquiry." ***Commonwealth v. Jones***, 912 A.2d 268, 282 (Pa. 2006). "It is the spontaneity of an excited utterance that is the source of reliability and the touchstone of admissibility." ***Commonwealth v. Gray***, 867 A.2d 560, 571 (Pa. Super. 2005) (citation omitted). Rather than focus on the length of time between the event and the statement, we look to whether the declarant made the statement "while dominated by nervous excitement, not her reflective faculties." ***Id.***

The PCRA court determined that McGarrell's statement was admissible as an excited utterance because the statement "related directly to the startling

event and McGarrell was still under the stress of excitement that caused his condition[.]" PCRA Ct. Op., 5/21/21, at 5. As a result, it concluded that Appellant's "lone issue is meritless." *Id.*[4]

We agree. In the instant case, Ricketts testified that he and another witness placed McGarrell into his car to take to the hospital. He described McGarrell as in "real bad" shape with visible "blood spots" on his body. N.T. Trial, 2/22/16, at 34. He recalled McGarrell speaking in an unprompted stream of consciousness, reiterating "I'm shot. I'm shot. I'm shot[,]" before ultimately identifying Appellant by his nickname when he said "D, he shot me[, h]e shot me." *Id.* at 35. When the Commonwealth specifically asked Ricketts to describe McGarrell's demeanor at the time he made the statement, Ricketts responded that he was "in pain and anger at the same time. I mean, you shot." *Id.*

McGarrell made his statement in response to a startling event: he had just been shot. He made the statement spontaneously, as part of an unprompted chain of repetitive, stream-of-consciousness declarations, while still bleeding and in a visible state of shock. Based on this evidence, the PCRA Court correctly held that Ricketts' testimony describing the statement was admissible under the excited utterance exception. As a result, Appellant's

---

[4] The PCRA Court also held that the statement was admissible as a dying declaration. The dying declaration exception to the hearsay rule, however, only applies when the declarant is unavailable. Pa.R.E. 804(b)(2). Here, the declarant was available and, in fact, testified at trial, so the exception does not apply. Thus, we focus our analysis on the question of whether the statement is admissible under the excited utterance exception.

argument that counsel should have objected to its admission lacks arguable merit, and, thus, his claim for ineffective assistance of counsel fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2021