J-S80030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA J. STOKES | : | |
| | : | |
| Appellant | : | No. 1018 EDA 2018 |

Appeal from the Order Entered April 19, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000720-2011

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY BOWES, J.:               **FILED FEBRUARY 22, 2019**

Joshua J. Stokes appeals *pro se* from the April 19, 2018 order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In 2015, Appellant was convicted of first-degree murder and sentenced to life imprisonment for killing Stephanie Clory by stabbing her nineteen times. This Court affirmed his judgment of sentence and our Supreme Court denied

_____

[1] Appellant purported to appeal from the March 15, 2018 notice of intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907.  However, pursuant to Pa.R.A.P. 905, we treat his appeal as having been filed from the subsequent order dismissing the petition, and have amended the caption accordingly.  **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."); **Commonwealth v. Swartzfager**, 59 A.3d 616, 618 n.3 (Pa.Super. 2012) (applying Pa.R.A.P. 905(a)(5) to appeal from 907 notice when petition was dismissed subsequent to the notice of appeal).

his petition for allowance of appeal. ***Commonwealth v. Stokes***, 169 A.3d 1205 (Pa.Super. 2017), *appeal denied*, 172 A.3d 584 (Pa. 2017).

Appellant filed a timely *pro se* PCRA petition raising one claim of ineffective assistance of trial counsel, to wit, that counsel scared him into testifying by advising him that otherwise he would be found guilty. PCRA Petition, 10/17/17, at 4. Counsel was appointed who, on March 12, 2018, filed a petition to withdraw as counsel and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court promptly issued to Appellant himself notice of its intent to dismiss Appellant's petition as lacking merit pursuant to Pa.R.Crim.P. 907. Rather than responding to the notice, Appellant filed a premature appeal, which was subsequently rendered timely upon the PCRA court's grant of counsel's petition to withdraw and dismissal of the petition by opinion and order of April 19, 2018.

On appeal, Appellant raises the following issues: (1) his sentence is invalid because the trial judge did not sign the sentencing order, Appellant's brief at 1-2; (2) PCRA counsel's withdrawal was invalid because the PCRA court did not sign the order allowing withdrawal, *id*. at 3; (3) trial counsel was ineffective in not obtaining all of Appellant's mental health records, and PCRA counsel was ineffective in failing to raise the issue, *id*. at 4-5; and (4) trial

counsel was ineffective in not contending that the killing was in the heat of passion rather than first-degree murder, *id*. at 10.

We begin with the legal principles relevant to our review. "Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Johnson*, 179 A.3d 1153, 1156 (Pa.Super. 2018) (internal quotation marks omitted). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa.Super. 2012).

Appellant's assertions that trial counsel was ineffective in ignoring his mental health history and failing to pursue a heat-of-passion defense were not raised in Appellant's PCRA petition, and he did not seek leave to amend the petition to raise the new claims. Accordingly, those issues are not preserved for appeal. *See Commonwealth v. Rykard*, 55 A.3d 1177, 1192 (Pa.Super. 2012) (holding no relief was due on claim not included in petition because the PCRA court was required to address only claims raised in the petition and the petitioner did not request leave to amend).

Further, as Appellant did not contend that PCRA counsel was ineffective in failing to argue trial counsel's ineffectiveness in a response to the PCRA court's Rule 907 notice, the challenge to PCRA counsel's effectiveness is waived. *See Commonwealth v. Rigg*, 84 A.3d 1080, 1085 (Pa.Super. 2014) (concluding petitioner waived claim that PCRA counsel was ineffective in failing

to raise trial counsel's ineffectiveness by not asserting it in response to the notice of intent to dismiss).

Appellant's remaining arguments are belied by the record. Not only did the trial court announce Appellant's sentence in open court following the verdict, *see* N.T. Trial, 12/11/15, at 87, but the certified record contains a written sentencing order signed by the trial judge. *See* Order of Sentence, 12/11/15. Hence, there is no merit to Appellant's contention that he is being illegally detained based upon the absence of a valid sentencing order. *See Joseph v. Glunt*, 96 A.3d 365, 372 (Pa.Super. 2014) ("[A] record of the valid imposition of a sentence [is] sufficient authority to maintain a prisoner's detention notwithstanding the absence of a written sentencing order[.]"). Moreover, while the PCRA court did not sign the proposed order attached to counsel's petition to withdraw, the certified record establishes that it entered a signed order granting counsel's withdrawal. *See* Order, 4/19/18.

As Appellant has presented this Court with no preserved, meritorious argument that the PCRA court erred or abused its discretion in dismissing his PCRA petition, no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>2/22/19</u>