J-S58011-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHELLE LIN BUNCH | : | |
| | : | |
| Appellant | : | No. 249 WDA 2019 |

Appeal from the PCRA Order Entered January 11, 2019
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000484-2008

BEFORE: PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.:          FILED DECEMBER 13, 2019

Michelle Lin Bunch appeals, pro se, from the order dismissing her third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. Bunch argues that her facially untimely PCRA petition was entitled to review under the newly discovered fact exception to the PCRA's time-bar, 42 Pa.C.S.A. § 9545(b)(1)(ii). After careful review, we conclude Bunch is not entitled to relief.

On April 6, 2009, Bunch entered a nolo contendere plea to one count each of involuntary deviate sexual intercourse ("IDSI") and incest. She was sentenced to an aggregate ten to twenty years' incarceration plus a consecutive ten years' probation. She did not file a post-sentence motion or direct appeal.

On March 12, 2010, Bunch filed, pro se, her first PCRA petition, asserting there was a lack of evidence to support her convictions. Counsel was appointed who subsequently filed a petition to withdraw along with a no-merit letter pursuant to Commonwealth v. Friend, 896 A.2d 607 (Pa. Super. 2006). Based on the allegations made by counsel in the no-merit letter, the PCRA court issued a notice of intent to dismiss the petition pursuant to Pa.R.A.P. 907 and subsequently dismissed the petition.

On September 19, 2011, Bunch filed a "motion for restoration of appellate rights nunc pro tunc" contending there was evidence of her innocence that seemed to "just up and disappear," again arguing there was a lack of evidence to support her convictions, and that she had still not received the polygraph exam she requested. The court denied the motion.

On October 18, 2018, Bunch filed her second PCRA petition, asserting she had discovered new evidence in the form of an excerpt from a Facebook conversation between the victim and a friend in which the victim stated "If Michelle confesses what she did she [will] get out early but she won't [and] I don't blame her [because] she didn't do what she did." PCRA petition, 10/18/2018, at 3. The PCRA court issued notice of its intent to dismiss the petition, concluding Bunch failed in her attempt to invoke the newly discovered fact exception to overcome the PCRA's time-bar. Specifically, the PCRA court found Bunch failed to allege the date she received the Facebook conversation, thereby not satisfying the statutory requirement that an appellant must allege

and prove that she proffered the new facts within sixty days of when she first learned about them. The PCRA court also found the "new facts" were merely vague statements that lacked evidentiary value.

Bunch responded to the notice of intent to dismiss by claiming the soon-to-be effective amendment to 42 Pa.C.S.A. § 9545(b)(1),[1] increased the time in which a petitioner must present her new facts after learning of them from sixty days to one year. Bunch argued that the expanded time limit applied to her and therefore her petition should not be dismissed. The PCRA court dismissed the PRCA petition, noting the amendment had not yet taken effect and as such did not apply to her current petition. The court further noted that Bunch could file another petition alleging new facts once the amendment took effect.

On January 10, 2019, Bunch filed her third PCRA petition, re-asserting her new evidence claim based on the Facebook messages, but this time asserting she learned of them in June of 2017. The PCRA court issued notice of its intent to dismiss Bunch's petition as untimely, again finding she failed in her attempt to invoke the PCRA's newly discovered fact exception to overcome the PCRA's time-bar. The PCRA court noted that Bunch indicated in her own

_____

[1] On October 24, 2018, the General Assembly amended section 9545(b)(2) of the PCRA statute to expand the time for filing a petition from sixty days to one year from the date the claim could have been presented. See 2018 Pa.Legis.Serv.Act 2018-146(S.B. 915), effective December 24, 2018. Importantly, the amendment applies only to claims arising on or after December 24, 2017. See id.

handwriting that she learned of the Facebook messages in June of 2017, eighteen months prior, beyond the time frame in which the court would have jurisdiction to address the merits of her claim.

Bunch did not file a response. Instead, she filed a premature appeal to this Court, which was perfected once the PCRA court entered its order denying Bunch's third PCRA petition. See Pa.R.A.P. 905(a)(5); see also Commonwealth v. Swartzfager, 59 A.3d 616, 618 n.3 (Pa. Super. 2012) (providing that a notice of appeal filed after the issuance of a Pa.R.A.P. 907 notice but before the entry of an appealable order shall be treated as filed after the appealable order is entered).

Prior to reaching the merits of Bunch's claims on appeal, we must first consider the timeliness of her PCRA petition. See Commonwealth v. Miller, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

Commonwealth v. Jones, 54 A.3d 14, 16-17 (Pa. 2012) (citations and footnote omitted).

- 4 -

Since Bunch did not file a post-sentence motion or a direct appeal, her judgment of sentence became final on October 2, 2009, when her time for seeking direct review with this Court expired. See 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final "at the conclusion of direct review ... or at the expiration of time for seeking the review"). The instant petition – filed more than nine years later – is patently untimely. Thus, the PCRA court lacked jurisdiction to review Bunch's petition unless she was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. See 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

> The PCRA provides three exceptions to its time-bar:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). For claims arising prior to December 24, 4017, a petitioner asserting one of these exceptions must file a petition within sixty days of the date the claim could have first been presented. See 42 Pa.C.S.A. § 9545(b)(2). Exceptions to the time-bar must be pled in the

petition and may not be raised for the first time on appeal. See Commonwealth v. Burton, 936 A.2d 521, 525 (Pa. Super. 2007).

As the trial court correctly indicated, Bunch admitted herself that she learned of the Facebook messages (i.e. newly discovered facts) in June of 2017. Bunch did not file the instant PCRA petition until one and a half years later on January 10, 2019. Therefore, the PCRA court properly concluded Bunch's PCRA petition was untimely and does not fall under an exception to the PCRA time-bar. We affirm the PCRA court's order dismissing the petition.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2019