J-S02016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| THOMAS J. PARIS | : | |
| | : | |
| Appellant | : | No. 1114 MDA 2019 |

Appeal from the PCRA Order Entered June 21, 2019
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s):  CP-54-CR-0000950-2015

BEFORE:  BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.:                **FILED JANUARY 28, 2020**

Appellant, Thomas J. Paris, appeals *pro se* from the order entered in the Schuylkill County Court of Common Pleas, which dismissed as untimely his second petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On January 26, 2016, Appellant entered an open guilty plea to one count of receiving stolen property.  The court sentenced Appellant on March 22, 2016, to twenty-three (23) months' probation.  Appellant did not file post-sentence motions or a direct appeal.

On February 23, 2018, the Commonwealth filed a motion to revoke Appellant's probation, claiming police had arrested Appellant for two new

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

criminal episodes. On March 20, 2018, Appellant stipulated to the violations, and the court revoked probation and resentenced Appellant to twelve (12) to twenty-four (24) months' imprisonment, with thirty-one (31) days of credit for time served. Appellant did not file post-sentence motions or a direct appeal.

On May 15, 2019, Appellant filed his first PCRA petition, arguing the court should modify and reduce his term of imprisonment. The PCRA court denied relief on May 22, 2019, and Appellant did not file a notice of appeal. Appellant filed the current, second *pro se* PCRA petition on June 17, 2019,[2] claiming the court failed to provide credit for "the time spent at liberty on probation/parole." (*Pro Se* PCRA Petition, filed 6/17/19, at 1.) By order entered June 21, 2019, the PCRA court concluded it lacked jurisdiction to consider Appellant's untimely PCRA petition and denied relief.[3] Appellant

---

[2] Appellant styled his filing as an "amended" PCRA petition. "Pennsylvania law vests PCRA courts 'with discretion to permit the amendment of a pending, timely-filed post-conviction petition....'" **Commonwealth v. Swartzfager**, 59 A.3d 616, 619 (Pa.Super. 2012) (quoting **Commonwealth v. Flanagan**, 578 Pa. 587, 605, 854 A.2d 489, 499 (2004)). Additionally, "leave to amend must be sought and obtained, and hence, amendments are not 'self-authorizing.'" **Commonwealth v. Baumhammers**, 625 Pa. 354, 391, 92 A.3d 708, 730 (2014). Here, Appellant did not seek leave to amend his first PCRA petition prior to the court's denial of relief on May 22, 2019. Consequently, Appellant's petition filed on June 17, 2019 is properly characterized as a second PCRA petition rather than an amendment to the prior petition. **See id**; **Swartzfager, supra**.

[3] The record indicates the PCRA court did not give Appellant notice of its intent to dismiss the current petition without a hearing, pursuant to Pa.R.Crim.P.

timely filed a *pro se* notice of appeal on July 5, 2019. The PCRA court did not order, and Appellant did not file, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[4]

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting

---

907. Nevertheless, Appellant does not challenge the absence of Rule 907 notice on appeal, which constitutes waiver of that claim. **See Commonwealth v. Boyd**, 923 A.2d 513, 514 n.1 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). Moreover, the court's oversight regarding Rule 907 notice is not reversible error, where the PCRA petition is unquestionably untimely. **See Commonwealth v. Pursell**, 561 Pa. 214, 225 n.7, 749 A.2d 911, 917 n.7 (2000).

[4] On July 29, 2019, this Court remanded for a determination regarding Appellant's eligibility for court-appointed counsel. Upon remand, the PCRA court appointed counsel. On September 30, 2019, Appellant filed a *pro se* application for relief with this Court, complaining about new counsel's representation. In response, this Court remanded for a hearing pursuant to **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998). Following **Grazier** hearings on October 10, 2019 and October 24, 2019, the PCRA court informed this Court that Appellant wanted to proceed *pro se* on appeal.

a timeliness exception must also file the petition within one year of when the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on April 19, 2018, upon expiration of the 30-day period to file a direct appeal in this Court following imposition of Appellant's revocation sentence. **See** Pa.R.A.P. 903(a). Appellant filed the current, second PCRA petition on June 17, 2019, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Additionally, Appellant failed to plead and prove any exception to the PCRA timeliness requirements. Therefore, his petition remains time-barred. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/28/2020