J-S54023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GEORGE JOSEPH SALATA | : | |
| | : | |
| Appellant | : | No. 465 MDA 2020 |

Appeal from the PCRA Order Entered March 10, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001148-2017

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED APRIL 09, 2021**

George Joseph Salata appeals from the order entered denying his Post Conviction Relief Act ("PCRA") petition. *See* 42 Pa.C.S.A. §§ 9541-9546. We conclude Salata failed to preserve some of the issues he seeks to argue on appeal, and waived others. We therefore affirm.

In February 2018, Salata was convicted of Aggravated Assault (causing serious bodily injury), Aggravated Assault (causing bodily injury with a deadly weapon), and Criminal Attempt (homicide). 18 Pa.C.S.A. §§ 2702(a)(1), 2702(a)(4), and 901 respectively. The charges arose from an incident in which Salata approached the victim from behind on a public street and shot him in the face. The trial court sentenced him to an aggregate sentence of 240 to 480 months' incarceration. Salata filed a post-sentence motion, which the trial court denied. He filed a timely appeal, and we affirmed the judgment of sentence in April 2019.

In October 2019, Salata filed a *pro se* PCRA petition,[1] and the court appointed counsel. Counsel filed a petition to withdraw and a **Turner/Finley**[2] letter, in which he stated that the claims Salata raised in his *pro se* PCRA petition – that aspects of the trial testimony were inaccurate and that trial counsel was ineffective for failing to object to the admission of photographs, challenge the search of his apartment and seizure of his clothes and firearms, call three witnesses, and challenge the search of his phone – lacked merit.

On February 18, 2020, the court issued notice of its intent to dismiss the PCRA petition without a hearing. **See** Pa.R.Crim.P. 907. That same day, in a separate order, it granted counsel's petition to withdraw and, in doing so, stated that "an independent review of the record conducted by [the c]ourt which concurs with counsel's finding that [Salata's] [PCRA motion] is without merit." Order, 2/18/20. On March 10, 2020, the court dismissed the PCRA petition.

On March 2, 2020, before the final order was entered, Salata filed a notice of appeal, and attached to that notice the order granting counsel's petition to withdraw.

---

[1] The certified record does not contain a copy of the *pro se* PCRA petition. The docket entry noted that Salata filed it, and includes this note: "Sent packet to Judge Vough Hogan." Docket, No. CP-40-CR-0001148-2017.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988).

The court issued an order requiring Salata to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) and to serve a copy on the court and the Luzerne County District Attorney. The certified record does not contain a Rule 1925(b) statement, and the docket does not reflect that Salata filed a Rule 1925(b) statement.

In its opinion issued pursuant to Rule 1925(a), the court found that Salata waived any issues on appeal by failing to file the Rule 1925(b) statement. The court noted that Salata provided the court with a copy, but did not file it. Trial Court Opinion, filed May 8, 2020, at 2. The court further found that in the statement Salata raised issues "regarding sufficiency of the evidence, sentencing, suppression, admission of evidence and the ineffectiveness of trial and appellate counsel." *Id.* The court concluded that because he did not raise any issues regarding the order granting PCRA counsel's petition to withdraw, which was the order on appeal, he waived the claims. *Id.* at 2-3.

Salata asserts the following issues on appeal:

> 1. Whether the Commonwealth proved by sufficient evidence that [Salata] committed the crimes of Aggravated Assault and Criminal Intent-Criminal Homicide.
>
> 2. Whether the [trial] court abused its discretion in sentencing [Salata].
>
> 3. Whether [trial counsel] was ineffective for not seeking an suppression hearing of the photos depicting misleading conditions, shotgun used as misleading evidence presented

- 3 -

to jurors by testimony of the State Forensic Officer as not being used.

4. Whether [trial counsel] erred in not objecting to ALL unsubstantiated evidence.

5. Whether [a]ppellate [c]ounsel demonstrated same ineffectiveness as [trial counsel].

Salata's Br. at 1.

Before turning to Salata's issues, we must first deal with two other matters, one relating to whether he properly "filed" his Rule 1925(b) statement, and the other relating to whether he appealed from the wrong order. Regarding the first issue, the Commonwealth states that Salata "'provided' a Concise Statement, but did not file it." Commonwealth's Br. at 5. In response, Salata filed a motion in this court, to which he attached three cash slips from March 2020, for payment of mailing the Rule 1925(b) statement to the court clerk, the DA's office, and the PCRA judge.

Under the prisoner mailbox rule, *pro se* legal filings by incarcerated litigants are deemed filed "on the date [the filing] is delivered to the proper prison authority or deposited in the prison mailbox." **Thomas v. Elash**, 781 A.2d 170, 176 (Pa.Super. 2001). The determination of whether a filing is timely under the prisoner mailbox rule requires that the petitioner prove he timely gave the filing to prison authorities for mailing. **See Commonwealth v. Chambers**, 35 A.3d 34, 40 (Pa.Super. 2011). Here, we decline to remand for a determination of the date on which Salata gave the Rule 1925(b) statement to prison authorities, which would require a determination of facts. Rather, we will assume for purposes of the appeal, without deciding, that

Salata filed the Rule 1925(b) statement as required, because his appeal fails in any event. **See Chambers**, 35 A.3d at 40 (finding remand for an opportunity to presented evidence appended to appellate brief would be futile where the substantive issues lacked merit).

We next must determine whether Salata has appealed only from the interlocutory order granting counsel's motion to withdraw, as the PCRA court concluded, rather than from the final order denying his PCRA petition. Salata filed the appeal following the grant of the motion to withdraw, which was on the same day as the court filed of the Rule 907 notice. In other cases, we have declined to quash an appeal that an appellant filed prematurely following the issuance of the Rule 907 notice, and instead treated it as an appeal from the subsequent final, appealable order. **See Commonwealth v. Swartzfager**, 59 A.3d 616, 618 n.3 (Pa.Super. 2012). We apply similar reasoning here and will not quash. We now turn to the issues raised in the appellate brief.

Salata's first two issues – that the Commonwealth presented insufficient evidence to support the verdict and the trial court abused its discretion in sentencing him – are waived because they were not raised before the PCRA court. Furthermore, they are not cognizable under the PCRA.

Salata's next two issues argue that his trial counsel was ineffective for not seeking a suppression hearing regarding the photographs and for not objecting to unsubstantiated evidence. In his fifth issue, he claims appellate counsel also was ineffective. Salata presents minimal argument on these issues, and cites to no legal authority in support of the claims. He conclusorily

- 5 -

asserts that if counsel had filed a motion to suppress a supplemental narrative of a police detective than the outcome would have favored Salata. Salata's Br. at 10. He further states that "had counsel filed a motion to suppress the Commonwealth's insufficient evidence of the Remington Winchester model 870 that Corporal Joseph Gober of P.S.P. forensic services testifies that (he) doesn't know if this gun was actually used during the alleged incident." *Id.*

Salata has waived the issues by failing to present a developed argument, in separate sections of the brief, with citations to relevant case law. *Commonwealth v. Knight*, 241 A.3d 620, 637 (Pa. 2020) (noting that an issue is waived where appellant does not include argument in brief); Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"). We further note that these issues also were not raised in the *Turner/Finley* letter or a response thereto.[3]

Order affirmed.[4]

---

[3] To the extent Salata is challenging the recovery of the firearm during the search, we agree with PCRA counsel and the PCRA court that the search was conducted pursuant to a search warrant, and we note that Salata has not argued that the warrant lacked probable cause. To the extent Salata is challenging the admission of contradictory information, we conclude such a claim lacks merit, as a jury as fact finder is to weigh the evidence and assign it whichever weight it deems appropriate.

[4] Salata's "Motion in Reply to Commonwealth's Brief" denied as moot.

Judge Musmanno joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/09/2021