J-S30037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY LYN HOLLENSHEAD | : | |
| | : | |
| Appellant | : | No. 1407 MDA 2020 |

Appeal from the PCRA Order Entered November 6, 2020
In the Court of Common Pleas of Fulton County Criminal Division at
No(s):  CP-29-CR-0000107-2015

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:          **FILED: FEBRUARY 11, 2022**

Appellant, Anthony Lyn Hollenshead, appeals *pro se* from the order dismissing his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

This Court previously summarized the factual background of this matter as follows:

> [D]uring the early morning hours of May 5, 2015, [Appellant] shot and killed both his wife, Laura Hollenshead, and his stepdaughter, Jaedi Weed, with a 20-gauge shotgun.  Although [Appellant's] other daughter and stepdaughters described him as an abusive and controlling husband and father, he claimed he was the victim of physical abuse by his wife.  Moreover, while admitting he fired the shotgun that killed Laura and Jaedi, [Appellant] testified that both victims attacked him first, striking him with a wooden board, a wrench, and a flashlight.  He claimed he shot Laura first

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

accidentally, while struggling over the shotgun, and then again as she approached him with a wrench in her hand. [Appellant] testified he then shot Jaedi because she was pointing a rifle at him and screaming that she was going to kill him.

***Commonwealth v. Hollenshead***, No. 697 MDA 2018, 2019 WL 1873576, at *1 (Pa. Super. filed April 26, 2019) (unpublished memorandum) (record citations omitted).

On January 29, 2018, a jury convicted Appellant of two counts of first-degree murder.[2] On April 3, 2018, the trial court sentenced Appellant to two consecutive terms of life imprisonment. Appellant thereafter filed an appeal in which he challenged the sufficiency of the evidence supporting his convictions. On April 26, 2019, this Court affirmed Appellant's judgment of sentence. ***Id.*** at *3. Appellant did not file a petition for allowance of appeal with our Supreme Court.

On April 15, 2020, Appellant filed the instant, timely *pro se* PCRA petition.[3] The PCRA court appointed counsel to assist Appellant and directed counsel to file an amended petition or notify the court that no amendment

_____

[2] 18 Pa.C.S. § 2502(a).

[3] Appellant's judgment of sentence became final on May 28, 2019, at the expiration of the time period in which Appellant could have sought allowance of appeal at the Pennsylvania Supreme Court. ***See*** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113; ***see also*** 1 Pa.C.S. § 1908 (when the last day for a statutory filing deadline falls on a weekend or holiday, the deadline shall be extended until the next business day); Pa.R.A.P. 107 (incorporating 1 Pa.C.S. § 1908 with respect to deadlines set forth in the Rules of Appellate Procedure). As Appellant's petition was filed within one year of the date the judgment became final, the petition was timely. ***See*** 42 Pa.C.S. § 9545(b)(1) ("Any [PCRA] petition [], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final. . .").

was warranted. On July 23, 2020, PCRA counsel sought leave of the court to withdraw from representing Appellant and submitted a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On October 9, 2020, the PCRA court entered an order notifying Appellant pursuant to Rule of Criminal Procedure 907 that the court intended to grant PCRA counsel's request to withdraw and dismiss Appellant's PCRA petition without conducting a hearing. The order stated that Appellant could file a response to the Rule 907 notice, either *pro se* or via privately retained counsel, within 20 days of the date of the entry of the order. On October 29, 2020, Appellant filed a *pro se* notice of appeal from the October 9, 2020 order. On November 6, 2020, the PCRA court entered an order denying Appellant PCRA relief and granting PCRA counsel leave to withdraw. On that same date, the PCRA court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Rule of Appellate Procedure 1925(b).

Initially, we note that Appellant's notice of appeal was premature as the PCRA court had not yet ruled on his petition at the time his notice was filed. However, we need not quash Appellant's appeal as the PCRA court subsequently entered a final order denying PCRA relief on November 6, 2020. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."); **Commonwealth v.**

*Swartzfager*, 59 A.3d 616, 618 n.3 (Pa. Super. 2012) (declining to quash and considering merits of premature appeal from Rule 907 notice where PCRA court subsequently entered order denying PCRA relief). Moreover, in spite of the fact that PCRA counsel had not been granted leave to withdraw at the time Appellant filed his *pro se* notice of appeal, his appeal is not barred by the rule prohibiting hybrid representation. *See Commonwealth v. Cooper*, 27 A.3d 994, 1007-08 (Pa. 2011) (premature, *pro se* notice of appeal by represented defendant should not be treated as a nullity as a result of the prohibition on hybrid representation but rather as perfected at the time the final order was entered); *Commonwealth v. Williams*, 151 A.3d 621, 623-24 (Pa. Super. 2016) (*pro se* notice of appeal is treated differently than other filings that implicate hybrid representation rule and must be docketed in spite of the rule).

Prior to reaching the merits of this appeal, we must first address whether Appellant waived his appellate issues by failing to file a Rule 1925(b) statement. The PCRA court entered an order on November 6, 2020 providing that Appellant was required to file and serve his concise statement within 21 days or else his appellate issues would be waived. The docket sheet as well as the order itself reflect that the order was sent to Appellant by certified mail on November 6th.[4] Appellant's Rule 1925(b) statement was thus due on

---

[4] While Appellant did not address in his brief the PCRA court's ruling that he waived all of the issues in his appeal, he did attach a copy of the PCRA court's Rule 1925(b) order as an exhibit to his brief, indicating his receipt of the order. Appellant's Brief, Exhibit E.

- 4 -

November 30, 2020, the first business day after the expiration of the 21-day period. *See* 1 Pa.C.S. § 1908; Pa.R.A.P. 107. However, on December 7, 2020, the President Judge of the 39th Judicial District, which encompasses Fulton County, issued an emergency judicial order in response to the Covid-19 pandemic suspending the time calculation for all documents required to be filed in the judicial district from November 19, 2020 through January 31, 2021. *See In re 39th Judicial District*, No. 57 MM 2020, Emergency Judicial Order, 12/7/20. Appellant did not file a Rule 1925(b) statement by January 31, 2021 or at any point prior to the date that the record was certified to this Court. On February 9, 2021, the PCRA court issued its Rule 1925(a) opinion, in which the court noted that it had not received Appellant's concise statement and therefore Appellant's appellate issues were deemed to be waived. PCRA Court Opinion, 2/9/21, at 3.

A Rule 1925(b) statement "is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." *Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa. Super. 2020). Therefore, "any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review." *Id.*; *see also* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); *Commonwealth v. Parrish*, 224 A.3d 682, 700 (Pa. 2020) ("[A] litigant appealing from the denial of PCRA relief is required to strictly comply with the provisions of Rule 1925(b), or his or her appellate issues are deemed

to be waived."). Waiver of all claims not included in a Rule 1925(b) statement is required even where the lower court issued an opinion that discusses the issues that the appellant seeks to raise on appeal; "the mere fact that a court has authored an opinion addressing potential appellate issues does not excuse an appellant from complying with Pa.R.A.P. 1925(b)." *Parrish*, 224 A.3d at 700; *see also Commonwealth v. Castillo*, 888 A.2d 775, 779-80 (Pa. 2005).

In this matter, the PCRA court issued an order in compliance with Rule 1925(b) as it indicated that Appellant was required to file his statement of record within 21 days and he would waive any claim not included in the statement. *See* Pa.R.A.P. 1925(b)(3)(i), (ii), (iv); *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (providing that the appellant must file a concise statement pursuant to Rule 1925(b) whenever ordered to do so by the trial court). The Rule 1925(b) order was served on Appellant by certified mail at his state correctional institution. However, Appellant failed to comply with this order by filing a Rule 1925(b) statement on or before January 31, 2021, the extended deadline provided as a result of the Covid-19 judicial emergency. While the PCRA court issued an opinion attempting to address the various issues raised in Appellant's PCRA petition, this does not affect our waiver analysis. *Parrish*, 224 A.3d at 700; *Castillo*, 888 A.2d at 779-80. We further note that, although we are required to remand in cases where appellate counsel in a criminal case waives all appellate issues by failing to file a Rule 1925(b) statement, this rule of *per se* ineffectiveness only applies to

represented parties and not to *pro se* criminal litigants such as Appellant. **See** Pa.R.A.P. 1925(c)(3), Note; **see also Commonwealth v. Blakeney**, 108 A.3d 739, 766 (Pa. 2014) ("Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel[.]").

Accordingly, we conclude that Appellant has waived all of the issues asserted in this appeal based upon his failure to file a Rule 1925(b) statement. **See Bonnett**, 239 A.3d at 1106. We therefore affirm the PCRA court's dismissal of Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2022