J-S07021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN TYLER STEVENSON | : | |
| | : | |
| Appellant | : | No. 538 WDA 2021 |

Appeal from the PCRA Order Entered March 29, 2021
In the Court of Common Pleas of Indiana County
Criminal Division at No(s):  CP-32-CR-0001266-2016

BEFORE:   OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:                    **FILED: MAY 5, 2022**

Justin Tyler Stevenson appeals *pro se* from the order denying without prejudice his Post Conviction Relief Act ("PCRA") petition.[1]   Stevenson has also filed an application for post-submission communication.  We quash the appeal and dismiss the application for post-submission communication as moot.

Given our disposition, a detailed summary of the factual history of this matter is unnecessary.  Briefly, Stevenson pled guilty to two counts of murder of the second degree,[2] and the trial court sentenced him to concurrent terms of life imprisonment on September 17, 2018.  Stevenson did not appeal but

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] **See** 18 Pa.C.S.A. § 2502(b).

filed a timely *pro se* PCRA petition on May 13, 2019, challenging the effectiveness of his plea counsel. The PCRA court appointed counsel, who filed a motion to withdraw and a **Turner**/**Finley** "no merit" letter.[3] The PCRA court permitted counsel to withdraw in February 2020, but did not issue a Pa.R.Crim.P. 907 notice or deny the May 2019 petition.

Between March 2020 and March 2021, Stevenson filed several *pro se* motions and petitions alleging that he had obtained after-discovered evidence from Danielle Brink, the mother of one of the victims.[4] The court denied each of the *pro se* filings without prejudice to Stevenson's right to request an evidentiary hearing and submit a witness certification for Ms. Brink. On March 26, 2021, Stevenson filed the *pro se* petition which gives rise to this appeal, and he requested an evidentiary hearing on his after-discovered evidence claim*.* As with Stevenson's previous *pro se* filings concerning Ms. Brink, the court denied the petition without prejudice on March 29, 2021. Stevenson timely appealed.

Before addressing Stevenson's issues, we consider this Court's jurisdiction to review an order that denied relief without prejudice. **See Commonwealth v. Tchirkow**, 160 A.3d 798, 803 (Pa. Super. 2017) (noting

---

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] Stevenson also provided the PCRA court with an affidavit from Pamela Crocker, his mother, and copies of text messages indicating that Brink knew Stevenson was not involved in the murders. Stevenson repeatedly requested the appointment of counsel for the subsequent "after-discovered evidence" petition, which the court denied.

that we may consider, *sua sponte,* whether an order is appealable). As a general matter, "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). A final order is "any order that disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1); **see also** Pa.R.Crim.P. 910 (stating that "[a]n order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal").

In the instant matter, because the PCRA court's March 29, 2021 order denied relief without prejudice, it did not finally dispose of Stevenson's claims and thus does not constitute a final order for purposes of appeal. **See** Pa.R.Crim.P. 910; Pa.R.A.P. 341(a), (b)(1). Because there is no final order in this case, we do not have jurisdiction over this appeal and therefore quash this appeal. Further, because a petitioner has a right to counsel throughout a first PCRA proceeding, we direct the court to appoint counsel to represent Stevenson.[5] **See** Pa.R.Crim.P. 904(C), (F)(2); **cf. Commonwealth v. Swartzfager**, 59 A.3d 616, 620 (Pa. Super. 2012) (holding that a *pro se* PCRA petition, filed while a timely first petition was pending resolution for ten years, constituted an amendment to the first PCRA petition and remanding for the appointment of counsel); **Commonwealth v. Stossel**, 17 A.3d 1286,

---

[5] Appointed counsel shall assist in the litigation of Stevenson's *pro se* claims, including amending the *pro se* filings and obtaining the necessary witness certification ordered by the PCRA court.

- 3 -

1290 (Pa. Super. 2011) (noting that this Court may raise a PCRA petitioner's right to counsel *sua sponte*).

Appeal quashed. Application for post-submission communication dismissed as moot.[6]

Judge Pellegrini joins this decision.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/5/2022

---

[6] Stevenson filed an application to bar the Commonwealth from filing a brief. In light of our disposition, and because the Commonwealth did not file a brief, we dismiss the application as moot.